# Richmond

EULA CROOKSHANKS CAMPBELL v. CLAUDE DOUGLAS CAMPBELL.

November 27, 1961.

Record No. 5332.

Present, All the Justices.

*Erwin S. Solomon*, for the appellant.

*R. B. Stephenson, Jr.*, for the appellee.

I'ANSON, J., delivered the opinion of the court.

Claude Douglas Campbell, the appellee herein, was granted a divorce *a vinculo matrimonii* from Eula Crookshanks Campbell, the appellant, on the grounds of desertion, and custody of their two children, a boy 5 and a girl 2 years of age, subject to the right of the mother to have the children during the summer months, and she is here on an appeal from the decree.

The appellant does not challenge that part of the decree granting the appellee a divorce, but she contends that the court erred in awarding the custody of the children to the appellee.

The question presented is whether the award of the custody to the appellee is in the best interest of the children.

The evidence was heard *ore tenus* and is before us in narrative form. We will consider only that part which is pertinent to the question presented.

The parties were married in Covington, Virginia, in September, 1954. On the night of August 31, 1959, while they were living in Hampton, Virginia, an argument arose over the lateness of the hour which Martha Campbell, the appellee's nineteen-year-old cousin who lived with them, returned home. The appellant told her husband that if Martha did not move out of the home she would have to leave. The appellee took Martha's side of the argument and did not tell her she had to move. The appellant left the morning after the argument, taking with her their two infant children, and returned to her parents' home in Covington.

The appellant's daughter has remained with her since the date of the separation of the parties, but since April 1960, pursuant to an order of the court, the son has lived with his father.

The evidence presented on behalf of the appellee tends to show that he is a good father and of fine moral character. He is regularly employed by a railroad company in Hampton, where he purchased a home and has lived for the past five years. The children of the parties, while in their father's custody, would be cared for by Mrs. Jean Campbell Gooch, appellee's divorced sister, who would move with her own children from Covington to his home in Hampton.

Approximately three weeks after the separation of the parties the appellant and Mrs. Gooch went out in an automobile with two men in Covington. Mrs. Gooch testified that she saw the man who was with the appellant kiss her, but no other improper act occurred.

There was evidence that the appellant still cared for an old boy friend, but there was nothing to show that she had seen him since her marriage to the appellee.

The evidence presented on behalf of the appellant by five of her neighbors tends to show that she is a good mother, of excellent moral character, and that she attended church regularly with her children. Indeed, one of the appellee's two witnesses testified that the appellant was a good mother and a fine person.

The evidence is undisputed that the home of the appellant's parents, where the children would live with their mother, is a good Christian home with adequate room, suitable in every respect for rearing the children, and the grandparents would be pleased to have them.

■ The rules to guide the court in determining the problem of custody of children were clearly stated in *Mullen v. Mullen*, 188 Va. 259, 269, 49 S. E. 2d 349, 354, where it was said that "the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate."

In determining what is in the best interest of a minor child whose custody is an issue between the parents we must look to and consider the qualifications and fitness of the parents, their adaptability to the task of caring for the child, their ability to control and direct it, the age, sex and health of the child, its temporal and moral well being, as well as the environment and circumstances of its proposed home and the influences likely to be exerted upon the child. *Mullen v. Mullen, supra*, 188 Va. at p. 270, 49 S. E. 2d at p. 354; *DeMott v. DeMott*, 198 Va. 22, 29, 92 S. E. 2d 342, 346; *Florance v. Florance*, 197 Va. 432, 435, 90 S. E. 2d 111, 113.

The mother is the natural custodian of her children of tender years, and if she is a proper person, other things being equal, the law favors awarding her their custody, especially when the children are girls. *Brooks v. Brooks*, 200 Va. 530, 539, 106 S. E. 2d 611, 617-618; *DeMott v. DeMott, supra*, 198 Va. at p. 30, 92 S. E. 2d at p. 347; 6 Mich. Jur., Divorce and Alimony, § 55, p. 328. This rule is also applicable when the mother is not the innocent party and the divorce has been granted to the father. *Mullen v. Mullen, supra*, 188 Va. at p. 272, 49 S. E. 2d at p. 355; *Markley v. Markley*, 145 Va. 596, 604, 134 S. E. 536, 539. See also 17A Am. Jur., Divorce and Separation, § 189, p. 15.

■ We recognize that the findings of the chancellor on evidence heard *ore tenus* are presumed to be correct (*Phillips v. Kiraly*, 200 Va. 345, 350, 105 S. E. 2d 855, 859; *Oliver v. Oliver*, 193 Va. 571, 576, 69 S. E. 2d 350, 353) and that under § 20-107, Code of 1950, 1960 Replacement Volume, the trial court is vested with wide discretion in

matters of custody; but when we apply the aforementioned rules of guidance to the evidence we do not agree with the learned chancellor that it is in the best interest of the children that their custody be awarded the appellee.

The evidence shows that both parties are morally fit to rear the children. The one indiscreet act on the part of the appellant while in the company of her sister-in-law, whom the appellee stated would keep house for him, does not render her an improper person to have the custody of her children. This would also appear to be the thinking of the chancellor, for if he had concluded that the appellant was morally delinquent he would not have granted her their custody during the summer months each year. The evidence does not show how many, or the ages, of the appellee's sister's children who would also be living in the appellee's home; but regardless of the number, where children of different parents live in the same home jealousies and other problems often develop. Such situations should be avoided where possible in the best interest of all the children. The appellant can provide a proper home with her parents where the children will be reared under Christian influences and in a peaceful atmosphere. The children, being of tender years, need the attention and care which arise from a mother's love and devotion. Even though the appellant has been found from the evidence to be the one responsible for severing the marital ties, and thus breaking up the home, the controversy between her and the appellee does not prevent her from being a proper custodian of the children since the controlling factor in determining custody is the welfare of the children.

We are of opinion that it is in the best interest of the children that their custody be awarded to the appellant, subject to the right of the appellee to have them during the three summer months of each year, with each parent given the privilege to visit the children when they are in the custody of the other at all reasonable times and places that may be fixed by the chancellor.

Section 20-108, Code of 1950, 1960 Replacement Volume, gives the court continuing jurisdiction to change or modify its decree as to the custody and maintenance of minor children, and if in the future conditions materially change affecting the welfare of the children the court has the authority to change or modify the decree at any time to meet the changed conditions.

For the reasons stated, that part of the decree awarding the custody of both children to the appellee, subject to the right of the appellant to have them during the summer months, and providing for certain

payments to be made by the appellee to the appellant for the support of the children during that period, is reversed, and this cause is remanded with direction to the chancellor to modify his decree in accordance with the views expressed herein, and to fix a reasonable sum to be paid to the appellant each month by the appellee for the support and maintenance of the children while they are in her custody. In all other respects the decree appealed from is affirmed.

The costs in this suit will be assessed against the appellee, and shall include an attorney's fee of $250 which is allowed the appellant's attorney for prosecuting the appeal in this Court.

*Affirmed in part; reversed in part; and remanded.*