# Richmond

## JOANNE JUDSON ROWLEE v. ELON KEVAN ROWLEE, II.

March 8, 1971.

Record No. 7302.

Present, All the Justices.

*Jay G. Kauffman* (*Emroch, Cowan & Kauffman*, on brief), for appellant.

*James C. Roberts* (*Mays, Valentine, Davenport & Moore*, on brief), for appellee.

HARMAN, J., delivered the opinion of the court.

Elon Kevan Rowlee, II, (husband or Elon) filed a bill of complaint against Joanne Judson Rowlee (wife or Joanne) which alleged that she had committed adultery and which prayed that he be awarded a divorce *a vinculo* and custody of their two children, Elon Kevan Rowlee, III, age 3, and Elizabeth Brooke Rowlee, age 1. Joanne filed an answer which denied that she had committed adultery and a

cross-bill which alleged that Elon had deserted her and prayed that she be awarded a divorce *a mensa et thoro*, custody of the children, temporary alimony and support, and attorney's fees and suit money. Joanne is appealing from a final decree that awarded complainant a divorce *a vinculo* and custody of the children and dismissed her cross-bill. The court did not award Joanne attorney's fees and suit money.

The assignments of error raise only two questions.

■ The first question is whether the trial court erred in failing to award wife attorney's fees and suit money. Such an award is discretionary. Code § 20-103. Where the wife has no separate estate and is the defendant in a divorce action initiated by her husband, it is proper for her to be allowed a reasonable sum to be paid by her husband for attorney's fees and suit money. *Hughes* v. *Hughes*, 173 Va. 293, 305, 4 S.E.2d 402, 407 (1939). In allowing the wife a reasonable sum for attorney's fees and suit money the court should not entirely ignore the financial condition of the husband. *Colbert* v. *Colbert*, 162 Va. 393, 405, 174 S. E. 660, 664 (1934).

An abuse of discretion will not be presumed from the failure of the trial court to award the wife attorney's fees and suit money in a divorce action although in many cases the failure to make such an award would be improper. *Hughes* v. *Hughes*, supra.

In the case at bar the record contains no evidence to justify holding that the trial court abused its discretion in this regard.

■ The second question is whether the trial court erred in awarding custody of Elon Kevan Rowlee, III, and Elizabeth Brooke Rowlee to Elon, their father.

The controlling consideration in all controversies between parents over the custody of their minor children is the welfare of the children. *E.g., Campbell* v. *Campbell*, 203 Va. 61, 63, 122 S.E.2d 658, 660 (1961); *Mullen* v. *Mullen*, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948). The custody of minor children in such controversies is never to be given to one parent to punish the other. *Moyer* v. *Moyer*, 206 Va. 899, 901, 147 S.E.2d 148, 150 (1966); *Mullen* v. *Mullen*, *supra*, 188 Va. at 272, 49 S.E.2d at 355. In such controversies the mother is generally recognized as the natural custodian of minor children of tender years and is given custody *if* she is a fit and proper person and other considerations balance. *Portewig* v. *Ryder*, 208 Va. 791, 794, 160 S.E.2d 789, 792 (1968); *Moyer* v. *Moyer, supra*, 206 Va. at 904, 147 S.E.2d at 151; *Campbell* v. *Campbell, supra*, 203 Va. at 63, 122 S.E.2d at 660; *Mullen* v. *Mullen, supra*, 188 Va. at 270, 49 S.E.2d at 354.

In the case at bar the trial court entered an order January 27, 1969, stating "that unless the defendant returns the children of the parties to a location in Virginia reasonably convenient to the jurisdiction of this Court by February 1, 1969, custody of such children shall be awarded to the Complainant." The order recited that Elon had completed the taking of his depositions in November, 1968, and directed Joanne to complete the taking of her depositions by February 28, 1969, with leave to extend that deadline for cause.

On February 12, 1969, the trial court entered an order awarding the custody of the two Rowlee children to their father, the complainant. The order recited that Joanne had not complied with the court's order of January 27, 1969, in that she had not returned the children to Virginia. The order found Elon to be a fit and proper person to have custody of the children.

Between January 27, 1969, and March 10, 1969, Joanne produced no evidence and made no request for an extension of the February 28 deadline for the production of evidence.

On March 10, 1969, the trial court entered its final decree awarding Elon a divorce *a vinculo* on the ground of adultery. The decree provided for the continuation of the custody provisions in the court's order of February 12, 1969.

While it might appear from the orders entered January 27, 1969, and February 12, 1969, that the trial court awarded custody of the Rowlee children to Elon to punish Joanne, it is apparent from the record that custody was awarded to Elon because Joanne was not a fit and proper person to have custody and that the best interest of the children would be served by awarding their custody to Elon.

*Affirmed.*