# Richmond

JEAN NIXON MOORE v. DONALD P. MOORE.

September 1, 1971.

Record No. 7551.

Present, All the Justices.

*Betty A. Thompson,* for appellant.

*Quinlan H. Hancock,* for appellee.

I'ANSON, J., delivered the opinion of the court.

On September 28, 1967, Jean Nixon Moore, plaintiff, filed a bill of complaint against her husband, Donald P. Moore, defendant, seeking a divorce *a mensa et thoro* on the grounds of desertion and cruelty and praying that she be awarded alimony and support money and the custody of their two daughters, Lynn, aged 7, and Janice, aged 4. Defendant filed an answer and cross-bill denying plaintiff's allegations, and asking for temporary custody of the children. Thereafter, defendant twice amended his cross-bill to include a prayer for a divorce *a vinculo matrimonii* on the grounds of desertion and adultery. Plaintiff filed an answer denying the allegations of defendant's cross-bills.

Depositions were taken before a special commissioner in chancery in support of defendant's cross-bills. No evidence was offered by plaintiff. On December 17, 1969, the commissioner reported that the evidence was insufficient to establish adulterous conduct on the part of plaintiff, but that it showed plaintiff deserted defendant on June 17, 1967. He recommended that defendant be granted a divorce *a vinculo matrimonii* either on the ground of desertion or two years' separation. The report further stated that the custody of the children "must be determined" by the chancellor.

After argument of counsel on defendant's exceptions to the commissioner's report, the chancellor affirmed the report. In considering evidence taken by depositions relating to custody of the children, the chancellor was of the opinion that while the evidence did not establish adulterous conduct on the part of plaintiff, it did indicate that plaintiff's sole reason for leaving defendant was that she and Allen Stuhl, "an excommunicated minister of the Episcopal Church," intended to marry sometime in the future; that such marriage would create an "immoral atmosphere" in which it would be improper for the children to live with their mother; that the father is a good father; and that he "is more than able to care for these children."

Accordingly, the chancellor entered his decree granting the husband a divorce *a vinculo* on the ground of desertion and awarding custody of the children to the father, with visitation rights to the mother. Execution of the custody provision of the decree was suspended pending application for an appeal to this court.

The sole question presented is whether the court erred in awarding custody of the children to the defendant.

The pertinent evidence taken by depositions before the commissioner, and upon which the chancellor based his findings, shows that

plaintiff left her husband on June 17, 1967, and has resided with her mother since that time.

Plaintiff has been a Sunday school teacher in the church at which Stuhl was assistant rector. Letters exchanged between the plaintiff and Stuhl show that they were in love and that they both looked forward to the day when they would be free to marry. Their relationship led to her being deprived of the privilege of taking communion and to Stuhl's resignation as an active priest of the church.

When plaintiff left her husband she took the two girls with her. The children are now 11 and 7 years old, respectively. They are well adjusted and well cared for by plaintiff. Counsel for defendant conceded that the children would choose to live with their mother if permitted to state a preference.

All except one of the witnesses called by defendant said that both parties were fit and proper persons to have custody of the children.

The familiar rule is that the welfare of the children is the paramount consideration in all controversies between parents over the custody of their minor children. *Rowlee v. Rowlee*, 211 Va. 689, 690, 179 S.E.2d 461, 462 (1971), and the numerous cases there cited.

The mother is universally recognized as the natural guardian and custodian of her children of tender years and if she is a fit and proper person, other things being equal, it is the settled practice in this State to award their custody, especially girls, to the mother. *Campbell v. Campbell*, 203 Va. 61, 63, 122 S.E.2d 658, 660 (1961); *Brooks v. Brooks*, 200 Va. 530, 539, 106 S.E.2d 611, 617-18 (1959). We have followed this principle even where the father is without fault and the divorce has been awarded to him. *Campbell v. Campbell, supra*, 203 Va. at 63, 122 S.E.2d at 660; *Mullen v. Mullen*, 188 Va. 259, 272, 49 S.E.2d 349, 355 (1948).

A decree based on testimony in deposition form, while presumed to be correct, is not given the same weight as one where the evidence is heard *ore tenus* by the chancellor. *Nash v. Nash*, 200 Va. 890, 898-99, 108 S.E.2d 350, 355 (1959); *Hoffecker v. Hoffecker*, 200 Va. 119, 124, 104 S.E.2d 771, 774-75 (1958).

[ In the instant case we do not agree with the chancellor's reasoning that since the evidence indicated that plaintiff and Stuhl intend to marry in the future, the children would be subjected to an "immoral atmosphere" if plaintiff were awarded their custody. While plaintiff's relationship with Stuhl was improper, it does not follow that she is not a good mother or that the children would be subjected to an immoral influence if plaintiff should marry Stuhl. It would

appear that if she married Stuhl the result would be quite the contrary. Before adjudging plaintiff unfit to have the custody of her children, the evidence against her must be clear and convincing. Such does not appear in the record before us. There is no evidence that plaintiff has neglected the children in any way or that she is unfit to have their custody. They have lived with her their entire lives and the evidence shows that since the separation of the parents, in June 1967, they have adjusted well and are properly cared for by plaintiff.

The chancellor's finding that defendant is a good father is not sufficient justification to award him custody, and the record is devoid of any evidence that defendant could better look after the interests and welfare of the children. No definite and concrete plans were submitted to the chancellor as to how defendant would take care of the children if awarded their custody.

Since the welfare of the children is the controlling factor in awarding custody, and it appears from the record that the interests of the two minor children will best be served by awarding their custody to plaintiff, the chancellor is directed to amend his decree and award the custody of the children to her. The amended decree shall also provide for reasonable visitation rights to defendant and an allowance of an adequate amount of money to be paid by defendant for the support of the children.

*Reversed and remanded with directions.*