## CIRCUIT COURT OF BOTETOURT COUNTY

In re Earl Damon Vineyard
and Dawn Renee Vineyard

April 12, 1976

Case No. 1171

By JUDGE ROSCOE B. STEPHENSON, JR.

The court is called upon to determine which parent should be awarded custody of their two children, Earl Damon Vineyard, age ten years, and Dawn Renee Vineyard, age eight years.

The parents are divorced. The father, Earl Eugene Vineyard, resides in Botetourt County and has had actual custody and supervision of the two children since the fall of 1974. The mother, Barbara Anne Jackson, has remarried and resides in Houston, Texas.

There is no claim that either parent is unfit. Both appear to have great love and affection for their children, and the children love their parents.

The father, in addition to his vocation as a cost accountant, has unusual abilities as a father. He is a good cook, has considerable talent at making clothes and devotes most of his available time caring for his children. Their home is quite adequate. It is reasonably well kept and is located in an excellent neighborhood.

The mother resides with her present husband in a mobile home which has two bedrooms. If she obtained custody, she and Mr. Jackson plan to move to larger quarters. She is a good mother and homemaker.

The children are well adjusted. They do reasonably well in their school activities and relate well with others. They were examined by the court, with the parents excluded but with their attorneys present. Both of the

children testified that they would prefer to live with both parents, but they readily understood that this was impossible. And while they professed great love for each parent, both of them very positively stated that they preferred to live with their father.

Deciding which parent should obtain custody of children is a decision always filled with pathos. In reaching a decision the welfare of the children is paramount and controlling. *Mullen* v. *Mullen*, 188 Va. 259, 49 S.E.2d 349 (1948); *Hall* v. *Hall*, 210 Va. 668, 173 S.E.2d 865 (1970); *Rowlee* v. *Rowlee*, 211 Va. 689, 179 S.E.2d 461 (1971). The mother is the natural custodian of her children of tender years, and, if she is a fit and proper person, other things being equal, she should be given their custody. *Mullen* v. *Mullen*, *supra*, 188 Va. at 271, 49 S.E.2d at 354; *Brooks* v. *Brooks*, 200 Va. 530, 539, 106 S.E.2d 611, 617 (1959); *Campbell* v. *Campbell*, 203 Va. 61, 63, 122 S.E.2d 658, 660 (1961). "This rule, however, is a flexible one and it is not to be applied without regard to the surrounding circumstances." *Portewig* v. *Ryder*, 208 Va. 791, 794, 160 S.E.2d 789, 792 (1968). The suitability of the home is a very material factor. *White* v. *White*, 215 Va. 765, 213 S.E.2d 766 (1975). And "suitability depends, to a great extent, on the warmth and stability of the home life which the child can be expected to experience." 215 Va. at 768, 213 S.E.2d at 768. *See Burnside* v. *Burnside*, 216 Va. 691, 222 S.E.2d 529 (decided March 5, 1976).

In *Hepler* v. *Hepler*, 195 Va. 611, 79 S.E.2d 652 (1954), the court held that where children have reached an age of discretion, as is the case here, their wishes, though not conclusive, should be considered and given weight by the court. *Hepler* further states that "[w]here it is reasonably possible brothers and sisters of tender years should be reared together, and have the full benefit of natural ties of affection and interest that such association develops." 195 Va. at 623, 79 S.E.2d at 659.

In this case, the two children have been in the actual and exclusive custody of the father for well over a year. They are happy, well behaved, well adjusted and secure. They prefer to remain with their father. The thought of going to Houston, Texas and living with a stepfather repulses them.

The situation is not unlike that described in *Burnside v. Burnside, supra,* where the court said "[t]he father has had sole custody for the past two and one-half years. We agree that a change of custody at this time would not be in the boy's best interest, nor would it serve his welfare. Such a change most likely would result in the child's removal to a distant state, away from the area in which he has lived all his life, and the father, friends and family with whom he identifies."

After carefully considering all the evidence and the attending circumstances in the light of the legal principles here recited, the court is of opinion that it is in the best interest and welfare of both children at this time that their custody remain with their father. The mother shall have the right to see and visit her children at reasonably convenient times and places, including the right to have them visit with her two months during the summer and one week every other year during Christmas vacations. The parties are admonished to fully cooperate respecting visitations and to encourage continued love of and respect for the other parent by the children.