COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


JERRY FRANCIS BASS, SR.

MEMORANDUM OPINION*

v.    Record No. 1657-98-1                    PER CURIAM
                                            APRIL 20, 1999

SHERRY YVONNE BASS


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

(John D. Eure, Jr., on brief), for appellant.

No brief for appellee.


Jerry Francis Bass, Sr., (husband) appeals the decision of the circuit court granting Sherry Yvonne Bass (wife) a divorce under Code § 20-91(9) on the ground that the parties lived separate and apart for more than one year. Husband contends that the trial court erred by (1) failing to award him a divorce on the ground that wife deserted the marriage; and (2) awarding wife spousal support. Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## Grounds for Divorce

The parties submitted evidence by depositions taken before a commissioner in chancery. "A decree based on testimony in deposition form, while presumed to be correct, is not given the same weight as one where the evidence is heard ore tenus by the chancellor." Moore v. Moore, 212 Va. 153, 155, 183 S.E.2d 172, 174 (1971). However, "'the decree is presumed to be correct and should not be disturbed for lack of proof if the controlling factual conclusions reached are sustained by a fair preponderance of the evidence.'" Nash v. Nash, 200 Va. 890, 898-99, 108 S.E.2d 350, 356 (1959) (citations omitted).

Based upon the depositions, the trial court ruled that both parties established grounds for divorce based upon a one-year separation, but that neither party proved fault-based grounds. While husband did not plead adultery as a ground for divorce, he attempted to establish that wife left the marriage because she was involved in an extra-marital affair. The trial court did not find that husband proved this allegation by a preponderance of the evidence. We cannot say that the trial court erred in finding the evidence insufficient to prove wife deserted the marriage.

Even assuming arguendo that husband presented evidence sufficient to prove desertion, a trial court is "not compelled 'to give precedence to one proven ground of divorce over

another.'"  Williams v. Williams, 14 Va. App. 217, 220, 415

S.E.2d 252, 253 (1992) (citation omitted).  "It is well

established that 'where dual or multiple grounds for divorce

exist, the trial judge can use his sound discretion to select

the grounds upon which he will grant the divorce.'"  Id.

(citation omitted).  Therefore, we will not disturb the trial

court's decision to award the parties a divorce on the grounds

of a one-year separation.

### Spousal Support Award

> In awarding spousal support, the
> chancellor must consider the relative needs
> and abilities of the parties.  He is guided
> by the nine factors that are set forth in
> Code § 20-107.1.  When the chancellor has
> given due consideration to these factors, his
> determination will not be disturbed on appeal
> except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829

(1986).

The trial court indicated that it considered the statutory

factors before awarding wife $200 in monthly spousal support,

"giv[ing] special attention to paragraphs 2, 4 and 5."  The

parties were married for twenty-seven years.  The evidence

indicated that husband's income was more than twice that of wife

and that wife's monthly expenses exceeded her income by over

$100 each month.  Husband's expenses included substantial

amounts used for his hobbies, including the upkeep of sixty dogs

for a hunt club.  We find no clear abuse of discretion in the trial court's award of spousal support to wife.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>