COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


BRUCE R. O'BRIEN

                                    MEMORANDUM OPINION*
v.    Record Nos. 0771-99-2 and 1178-99-2      PER CURIAM
                                     NOVEMBER 9, 1999
SHILLEST CLAYTON


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
John W. Scott, Jr., Judge

> (James A. Watson, II; Lucy C. Chiu; Surovell,
> Jackson, Colten & Dugan, P.C., on brief), for
> appellant.

> (Terrence R. Batzli; M. Alicia Finley;
> Barnes & Batzli, P.C., on brief), for
> appellee.


Bruce R. O'Brien (O'Brien) appeals the final decree of

divorce entered by the circuit court on April 22, 1999.[1]  O'Brien

contends that the trial court erred in its award of spousal

support to Shillest Clayton (Clayton).  Specifically, O'Brien

contends that the trial court abused its discretion by

(1) awarding Clayton $1,450 in monthly spousal support without

considering the statutory factors in existence on the date O'Brien

filed his bill of complaint; and (2) awarding Clayton an amount

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] O'Brien filed two appeals raising the same issues.  By
order of this Court and with the agreement of the appellee, these
appeals were consolidated.

beyond his ability to pay and in excess of her demonstrated need. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

This matter commenced on June 30, 1996, when O'Brien filed his bill of complaint. The evidence was submitted by deposition testimony and exhibits. "A decree based on testimony in deposition form, while presumed to be correct, is not given the same weight as one where the evidence is heard ore tenus by the chancellor." Moore v. Moore, 212 Va. 153, 155, 183 S.E.2d 172, 174 (1971). However, "'the decree is presumed to be correct and should not be disturbed for lack of proof if the controlling factual conclusions reached are sustained by a fair preponderance of the evidence.'" Nash v. Nash, 200 Va. 890, 898-99, 108 S.E.2d 350, 356 (1959) (citations omitted).

### Code § 20-107.1

O'Brien contends that the trial court failed to consider the statutory factors set out in Code § 20-107.1 before awarding Clayton $1,450 in monthly spousal support. "The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1

-

is mandatory, and the amount awarded must be fair and just under all of the circumstances . . . ." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

> The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented. Therefore, we hold that in a determination involving spousal support, if the court's findings do not have evidentiary support in the record, then the court has abused its discretion.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court did not expressly refer to the statutory factors set out in Code § 20-107.1, nor did it expressly analyze the factors. Therefore, we are required to ensure that the trial court's decision had evidentiary support. We note that the parties prepared memoranda of law prior to the trial court's issuance of the first memorandum opinion in which each party discussed the statutory factors. O'Brien specifically addressed the statutory factors prior to the issuance of the trial court's second memorandum opinion and final decree of divorce. The record demonstrates that evidence pertinent to the statutory factors was received by the trial court. That evidence supports the trial

-

court's decision to award Clayton $1,450 a month in spousal support.

It is clear that the trial court considered the parties' earning capacities, obligations, needs and financial resources. See Code § 20-107.1(1). At the time of the hearing, Clayton was enrolled in a graduate program in architecture at the University of Pennsylvania. Credible evidence supports the conclusion that the parties contemplated Clayton's return to graduate school, particularly after O'Brien obtained tenure. O'Brien admitted that the parties had discussed Clayton returning to school. Other witnesses testified that O'Brien and Clayton discussed these plans, even noting that he might take a sabbatical or leave of absence to accompany her. See Code § 20-107.1(2).

O'Brien contends that the trial court erred by failing to impute income to Clayton, based upon her previous earnings. He correctly notes that "[o]ne who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). However, this is not an instance where a former spouse failed to contribute towards her own support. In this case, Clayton enrolled in graduate school, as contemplated by the parties throughout their marriage. She then used reasonable means to provide a portion of her own support while attending school. She received a scholarship grant of $7,150; several loans totaling $18,500; and $2,000 in work study.

-

Her expenses, found by the trial court as "necessary and prudent," left her with a shortfall of $1,457 each month. Therefore, Clayton contributed towards her own support and established a need for the remaining balance. We find no abuse of discretion in the trial court's refusal to impute income to Clayton under these circumstances.

O'Brien also contends that he cannot afford to pay $1,450 to Clayton out of his monthly disposable income of $2,800 because his expenses total $2,544. We note that O'Brien's monthly expenses included $185 for student loans which he had previously deferred but which he no longer deferred; $500 in repayment to his parents of a $5,000 loan; and $400 in monthly credit card payments. O'Brien admitted that he earned more than $47,000 annually as of December 1997. His 1995 income tax return reported gross net income of $47,834.

The evidence demonstrated that the parties had a modest lifestyle during the marriage, which lasted five years prior to husband's decision to desert the marriage. While O'Brien had several health problems, he testified in his deposition that he was fine. There was no evidence indicating that his earnings were affected by any of his reported health problems. See Code § 20-107.1(3), (4) and (5).

The record supports the trial court's finding that O'Brien deserted the marriage. Furthermore, when Clayton's income fell in the fall of 1995, O'Brien responded by paying only those debts

-

that were listed in his name, contributing no funds towards Clayton's food, clothing, utilities or maintenance. In contrast, the court noted that Clayton had "consistently attempted to maintain some kind of employment and to contribute to the family income." She used a portion of her sexual discrimination settlement to buy clothes and supplies for O'Brien prior to his research trip to London. She also maintained the family's obligations while O'Brien was abroad. See Code § 20-107.1(6).

Both parties received half of the marital assets, which were not extensive. O'Brien was entitled to deduct from his income any spousal support paid to Clayton. See Code § 20-107.1(7), (8) and (9).

As evidence supports the trial court's decision to award $1,450 in monthly spousal support to Clayton, we affirm that decision.

### Demonstrated Need and Ability to Pay

O'Brien also contends that the trial court erred in awarding $1,450 to Clayton because she actually had $36,395 available to her in loans, work study, scholarships and grants. The evidence indicated that Clayton's monthly income was $3,157, based upon her scholarship, student loans and work study. We find no error in the trial court's assessment of the amount by which Clayton's expenses exceeded her income. As noted above, O'Brien's claimed expenses included certain payments which were, at a minimum, flexible in amount.

-

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>