## CIRCUIT COURT OF LOUDOUN COUNTY

Kevin P. Dunn

v.

Deborah L. Dunn

September 3, 2009

Case No. (Civil) 53973

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on May 29 and August 5, 2009, for hearing on the Motion for Pendente Lite Relief filed by the Defendant, Deborah L. Dunn, on March 6, 2009. She asks for *pendente lite* spousal support and attorney's fees.

After consideration of the evidence and argument of counsel, the Plaintiff, Kevin P. Dunn, shall pay Ms. Dunn the sum of $2,500.00 per month retroactive to March 6, 2009, for *pendente lite* spousal support and the sum of $4,000.00 for attorney's fees to be paid on or before October 1, 2009.

Va. Code § 20-103 provides, in pertinent part, in subsection (A), that this Court may, at any time pending the suit, enter any order "(i) to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse . . . (ii) to enable such spouse to carry on the suit. . . ." The amount of *pendente lite* spousal support award is within the discretion of the trial court. *See McFarland v. McFarland*, 179 Va. 418 (1942); *Rowlee v. Rowlee*, 211 Va. 689 (1971).

The amount of *pendente lite* spousal support should be an amount that will allow the spouse asking for such support to be able to meet his or her needs on a temporary basis (while the suit is pending) taking into account the other spouse's ability to pay during the same period of time. It is not a

permanent award which is based upon the right to be maintained in the manner to which he or she was accustomed during the marriage, but his or her needs must be balanced against the other spouse's financial ability to pay.

A motion for *pendente lite* support focuses on the circumstances at the time of the hearing on the motion. Requests for an award of permanent support can, and usually do, focus on things well beyond the circumstances at the time of the hearing such as things that occurred during the marriage or that might occur in the reasonably foreseeable future.

I have mentioned the things in the above three paragraphs because I think counsel in this case lost sight of the nature of *pendente lite* support awards and put on evidence and argued as if it were a request for permanent spousal support. Extensive evidence was offered concerning what each party brought into the marriage, such as the child support that Ms. Dunn previously received, the inheritance that Mr. Dunn received, decisions about Ms. Dunn's returning to school, Mr. Dunn's paying Ms. Dunn's attorney to seek an increase in child support, what Mr. Dunn paid to or for the benefit of Ms. Dunn during the marriage, and what each paid or did not pay during the marriage. These things seem to me to be more relevant and material to equitable distribution or permanent spousal support than *pendente lite* spousal support.

After consideration of the evidence and argument, I make the following factual findings.

Ms. Dunn is currently unemployed. At the commencement of the hearing, the parties stipulated that she could make $30,000.00 per year, which allowed Mr. Dunn to excuse his expert vocational counselor (who would have testified to what Ms. Dunn could be earning). Between the first and second day of the hearing, Ms. Dunn did have a job for a short period of time, but she lost it through no fault of her own. It appears she was earning at that job the equivalent of $30,000.00 per year.

Despite the stipulation, counsel for Ms. Dunn argued that I should disregard it because of Ms. Dunn's evidence that Mr. Dunn wanted her to obtain education and training. Ms. Dunn is pursuing a degree in international business. Mr. Dunn paid for schooling up to December 2008, by which time the parties were finally separated. There is no evidence that Mr. Dunn now wants Ms. Dunn to finish her education and training so as to preclude her from working. There is no evidence that Ms. Dunn has registered for any classes this fall. She did not take any classes this summer. There is no evidence that she cannot work because she has to go to school.

Income is imputed to Ms. Dunn in the amount of $30,000.00 per year or $2,500.00 per month.

Mr. Dunn works for IBM. His pay statements (see Defendant's Exhibit 7, Plaintiff's Exhibits 2 and 6) show that he has an annual salary of $121,000.00, *i.e.*, $5,041.70 each pay period for 24 pay periods per year.

Mr. Dunn has received two bonuses in 2009. On January 31, 2009, he received a bonus ("Regular Commission" as it is shown on his Pay and Contributions Statement for the period ending January 31, 2009; see Plaintiff's Exhibit 2) of $11,022.96. He also received a bonus (presumably, another "Regular Commission") of $8,000.00 in July 2009. He expects no more bonuses this year.

I do not agree that Mr. Dunn's "Retirement Savings Deductions" as shown on his Pay and Contribution Statements (see, *e.g.*, Plaintiff's Exhibit 6) should be added to his gross income. It is clearly a deduction from his gross pay, not additional compensation.

I also do not agree that Mr. Dunn's current income from IBM can be determined by merely doubling the "Year to Date" earnings as shown on his Pay and Contributions Statement for the period ending June 30, 2009. The "Year to Date" figure includes the bonus paid in January 2009, but there is no evidence from which I can reasonably find that he will receive a similar bonus before December 31, 2009.

However, Mr. Dunn's current IBM income should be determined by his salary plus the bonuses he has received in 2009. It is fair to consider the bonus received January 31, 2009, for purposes of *pendente lite* support effective as of March 6, 2009. It is irrelevant when Mr. Dunn may have earned the bonus. What is relevant is when he actually received it.

Accordingly, I find Mr. Dunn's gross income from IBM to be $11,667.00 per month, calculated as follows:

| | |
|---|---|
| Annual Salary | $121,000.80 |
| Bonus received in January 2009 | 11,022.96 |
| Bonus received in July 2009 | 8,000.00 |
| | |
| Annual Total | $140,023.76 |

The "Annual Total" is rounded to $140,000.00 per year, or $11,667.00 (rounded) per month in IBM income. In addition Mr. Dunn shows "other income" of $1,000.00 per month on his monthly income and expense statement. See Plaintiff's Exhibit 4. Mr. Dunn has a total gross income of $12,667.00 per month.

I decline to give Mr. Dunn any credit for any sums he may have paid to or for the benefit of Ms. Dunn since March 6, 2009. He testified that he transferred $43,000.00 to Ms. Dunn's account in 2009, but he offered no documentary evidence to support his testimony.

The amount of an inheritance that Mr. Dunn may have is irrelevant because he cannot be compelled to use up his assets to pay support. *See, Klotz v. Klotz*, 203 Va. 677, 680 (1962); *Zipf v. Zipf*, 8 Va. App. 387, 398-99 (1989). There is no specific evidence of any income derived by Mr. Dunn from his inheritance; however, his "other income" referred to above may include such income.

Ms. Dunn's monthly expenses are shown on her monthly income and expense statement. See Defendant's Exhibit 1. They total $7,056.00. Her monthly rent expense of $1,281.00 is only an estimate because she still resides in the marital residence. She testified that she intends to move out of the marital residence, but Mr. Dunn testified that he never heard her express that intention before the hearing.

Ms. Dunn shows considerable credit card expense. She testified that she had been using credit cards extensively in order to meet her expenses. Yet Mr. Dunn says he has transferred $43,000.00 to her account this year. With no documentary evidence of the transfers, it seems more likely that Ms. Dunn has had to use the credit cards to meet her expenses.

Ms. Dunn shows a tuition expense of $1,829.00 per month, but she never testified that she was taking classes or intended to do so in the near future. She testified that she was unable to sign up for classes because she could not provide the required information for financial assistance due to Mr. Dunn's obtaining an extension to file his 2008 income tax returns. Mr. Dunn agreed he filed for an extension because of problems concerning distributions to him from an estate.

Ms. Dunn shows a monthly expense of $484.00 for an automobile payment, but the evidence was that Mr. Dunn was making this payment.

Mr. Dunn's monthly expenses are shown on his monthly income and expense statement. See Plaintiff's Exhibit 4. They total $10,353.00. He pays the mortgage of $2,621.00 per month on the marital residence where both parties currently reside. He pays the monthly payment of either $483.00 or $484.00 on the vehicle used by Ms. Dunn. He pays the utilities on the marital residence which appear to be over $500.00 per month. The payment of these expenses certainly benefit Ms. Dunn.

After consideration of the needs of Ms. Dunn, the ability of Mr. Dunn to pay, and the present circumstances of the parties, Ms. Dunn is granted *pendente lite* spousal support of $2,500.00 per month retroactive to March 6,

2009, when her motion was filed. Accordingly, Mr. Dunn owes $2,097.00 for the pro-rated period from March 6, 2009, through March 31, 2009 (26 days at $80.64 per day) and monthly payments of $2,500.00 due on the first day of each month commencing April 1, 2009, until further order of the Court.

Mr. Dunn has, therefore, an arrearage of $14,597.00 ($2,097.00 for the pro-rated March payment plus $2,500.00 per month for five months, April through August).

Mr. Dunn shall curtail the arrearage at the rate of $500.00 per month commencing October 1, 2009. Monthly payments of $500.00 toward the arrearage shall be due on the first day of each month commencing October 1, 2009, and the first day of each month thereafter until September 1, 2010, when the full amount of the arrearage shall be due and payable in full.

There is no order for either party to pay any debt, the mortgage, utilities, or otherwise.

Considering the economic circumstances of the parties, Ms. Dunn is granted a *pendente lite* attorney's fee award of $4,000.00 to be paid on or before October 1, 2009.