**Norfolk**

## JERALD DOUGLAS BANAGAN

v.

## BRENDA SWAIN BANAGAN

No. 0879-92-1

Decided November 23, 1993

322

COUNSEL

Morris H. Fine (Fine, Fine, Legum & Fine, on brief), for appellant.

Debra C. Albiston (Weinberg & Stein, on brief), for appellee.

OPINION

**BRAY, J.**—Brenda Swain Banagan (wife) and Jerald Douglas Banagan (husband) were divorced by decree of the trial court dated December 28, 1990. However, on motion of the parties, the trial court expressly retained jurisdiction to "adjudicate the remedy" provided by Code § 20-107.3 and subsequently awarded the wife ten percent of the husband's monthly retirement benefits "for as long as such benefit is

paid." Both parties find this determination in error, and it is jointly challenged on appeal.

Pursuant to the earlier divorce decree, the trial court "re-referred" the "matters of equitable distribution" to a commissioner in chancery (commissioner) "to take testimony and report its findings to [the] court." Consistent with the evidence presented during the subsequent *ore tenus* hearing, the commissioner reported that the parties had been married fifteen years at the time of final separation in 1987, during which time both were, and remained, fully employed participants in the Virginia Supplemental Retirement System (VSRS). Husband was employed as a municipal real estate assessor, serving at the pleasure of an elected council and earning $50,446 annually, and wife was a "tenured" public school teacher, earning $29,606. Both were under forty years of age.

Each party asserted a marital interest in the pension of the other, and, in considering these claims, the commissioner was governed by the provisions of Code § 20-107.3(G) which, at the time this action was commenced,[1] provided, *inter alia,* that:

> In addition to the monetary award made pursuant to subsection D, and upon consideration of the factors set forth in subsection E, the court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, . . . which constitutes marital proper-ty . . . . However, the court shall only direct that payment be made as such benefits are payable. No such payment shall exceed fifty percent of the marital share of the cash benefits actual-ly received by the party against whom such award is made. "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last sep-aration of the parties. . . .

The commissioner reported to the trial court that "15/X is the mari-tal share of both pensions," the numerator, "15," representing the years of marriage during which the pensions were "earned," and the denominator, "X," being the "total number of years each worked re-spectively at their jobs . . . covered by [VSRS]," and recommended that both "receive one-half of the marital share of the other parties

---

[1] *See Gaynor v. Hird,* 11 Va. App. 588, 590, 400 S.E.2d 788, 789 (1991) ("As a general rule, laws existing at the time a suit is filed govern the case"). All references hereto to Code § 20-107.3(G) shall be to this statute, unless otherwise specified.

[sic] pension when the other party actually receives same." Husband excepted to this award, contending that only "pension rights" "earned . . . up to the date of separation" constituted "marital property" properly included in the marital share, with any later benefits accruing as "separate property," free of any marital interest whatsoever.

Following argument on this exception, the trial judge approved the commissioner's "formula" but decided to "modify its effect." Seeking to equitably reconcile the disparate job security and projected pensions of the parties, the court applied "income amounts supplied by counsel," assumed "eligibility to receive each pension at age 55," and then "offset" the recommended pension award for husband "against" that recommended for wife, thereby merging the competing claims into a net, "proper offset" of ten percent of the husband's pension to wife, "at such time as [he] receives same." The record does not disclose the trial court's rationale for selecting "age 55" pension values as conclusive of the parties' interests or detail its "offset" methodology. *See Artis v. Artis,* 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

On appeal, husband argues that this resolution also allotted to wife a share of his pension "earned" as "separate property" because the "endloaded" VSRS plan determines benefits based upon the highest 36 months of salary and total years of service. Hence, he reasons that the "greater benefits" of his pension are likely to accrue during the "later [post separation] years" of employment. In response, wife argues that each party is entitled to participate in the "natural appreciation" attributable to the full marital share of the other's entire pension, a result assured through the percentage awards recommended by the commissioner. Thus, she also challenges the decree because it determined the mutual pension interests projected, and limited, to age fifty-five.

A pension, by definition, is "a retirement benefit paid regularly, with the amount of such based generally on length of employment and amount of wages or salary of pensioner. It is deferred compensation for services rendered." *Robinette v. Robinette,* 10 Va. App. 480, 485, 393 S.E.2d 629, 632 (1990). Pensions constitute an "unusual type of property in that, in most cases, the pension benefits are 'future oriented'" and not "readily susceptible to valuation or distribution at the time of an evidentiary hearing." *Gamble v. Gamble,* 14 Va. App. 558, 565-66, 421 S.E.2d 635, 640 (1992). Thus, "[r]etirement and pension plans, by their nature and diversity, present unique problems"

in a "division of marital wealth," *Keyser v. Keyser,* 7 Va. App. 405, 412, 374 S.E.2d 698, 702 (1988), and the "task of the trial court in making an equitable distribution" of such benefits is "not an easy one." *Steinberg v. Steinberg,* 11 Va. App. 323, 326, 398 S.E.2d 507, 509 (1990); *see also Gamble,* 14 Va. App. at 566, 421 S.E.2d at 640.

Nevertheless, when pension benefits comprise a "portion of the pool of marital assets," they are clearly contemplated by the "scheme" of Code § 20-107.3, which is intended to justly distribute the "marital wealth of the parties." *Gamble,* 14 Va. App. at 569, 421 S.E.2d at 642; *see also Robinette,* 10 Va. App. at 485, 393 S.E.2d at 632. Code § 20-107.3(G) authorizes the trial court, "[i]n addition to the monetary award made pursuant to subsection D" of the statute, to "direct payment of a percentage of the marital share of any pension . . . or retirement benefits, . . . which constitutes marital property." *See* Code § 20-107.3(A)(1), (2). Like the monetary award, a pension award must be based "upon consideration of the factors set forth in subsection E" of the statute. Code § 20-107.3(G).

The "marital share" of a party's pension is "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties." *Id.* Any award from the marital share is limited to that portion which "constitutes marital property." *Id.* This is consistent with the marital/separate property dichotomy of Code § 20-107.3. "[W]hether . . . property is separate or marital is determined by the statutory definition and . . . not . . . by legal title." *Garland v. Garland,* 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991). Thus, pension or retirement interests embraced within the statutory marital share are presumptively marital property and the party claiming otherwise must present evidence sufficient to overcome this presumption. *See Stroop v. Stroop,* 10 Va. App. 611, 614-15, 394 S.E.2d 861, 863 (1990).

In *Zipf v. Zipf,* 8 Va. App. 387, 382 S.E.2d 263 (1989), we rejected limitation of a pension award, payable in the future, to a "present value calculation" because it denied the benefit of "future earnings and adjustments that are attributable to the . . . deferred share" and its "future appreciation." *Id.* at 397, 382 S.E.2d at 268-69. "It is only fair that both parties share in the increased value of the pension," or one will be "receiving the increase in value" over time which is attributable to the other's marital interest. *Primm v. Primm,* 12 Va. App. 1036, 1038, 407 S.E.2d 45, 47 (1991). Contrary to husband's view, such enhancement is clearly a part of the "total [pension] interest" component of the marital share equation and obviously distinguish-

able from a judicial award of interest on a deferred share of a pension. *See* Code § 20-107.3(G); *Kaufman v. Kaufman,* 12 Va. App. 1200, 1211-12, 409 S.E.2d 1, 7-8 (1991); *Pledger v. Pledger,* 6 Va. App. 627, 632, 371 S.E.2d 43, 45 (1988); *McLaughlin v. McLaughlin,* 2 Va. App. 463, 472, 346 S.E.2d 535, 539 (1986).

█ Once the marital share of a pension is ascertained through application of the statutory formula, any percentage award of the marital property constituting such marital share must promote a just allocation of the entire marital estate. *See Gamble,* 14 Va. App. at 570-71, 421 S.E.2d at 642-43. In pursuit of this result, the trial court may order distribution of a portion of a pension benefit as well as a monetary award pursuant to Code § 20-107.3(D) which "consider[s] the value . . . of the marital share of a party's retirement or pension plan." *Gamer v. Gamer,* 16 Va. App. 335, 343, 429 S.E.2d 618, 624 (1993). Generally, we defer to the chancellor's "'resolution of the conflict in the equities'" and will not upset an equitable distribution decree unless he or she "'abused his [or her] discretion, . . . has not considered or has misapplied [a] statutory mandate[],'" or has acted without support in the evidence. *Robinette,* 10 Va. App. at 486, 393 S.E.2d at 633 (quoting *Smoot v. Smoot,* 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987)).

█ Although the trial court correctly approved the marital share equation recommended by the commissioner, it departed from the statutory scheme in an effort to equitably address the particular circumstances of the parties by limiting the marital share of their VSRS pension benefits to values at age fifty-five. This result denied to each party a full participation in the statutory marital share of the other's entire pension and, though well intentioned, "cannot withstand appellate review." *Hodges v. Hodges,* 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986). To ensure an equitable distribution of the marital wealth in accordance with Code § 20-107.3, the marital share of the pension must be initially determined in accordance with the statute and any award thereof "conditioned upon the specific limitations" and considerations of Code § 20-107.3(E), as well as any "Subsection (D) monetary award." *Gamble,* 14 Va. App. at 570-71, 421 S.E.2d at 642-43.

Accordingly, we reverse the pension awards and remand the case to the trial court for redetermination of these interests consistent with Code § 20-107.3(G) and this opinion.

*Reversed and remanded.*

Willis, J., and Elder, J., concurred.