COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ALEXANDER C. GRAHAM, JR.

v.   Record No. 0718-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
TERRELL C. GRAHAM                            NOVEMBER 7, 1995


                FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                      F. Ward Harkrader, Jr., Judge

                (Donald K. Butler; Morano, Colan & Butler, on brief),
                for appellant.

                No brief for appellee.



        Alexander C. Graham, Jr., (husband) appeals the decision of

the circuit court awarding Terrell C. Graham (wife) $200,000 of

the proceeds of the sale of the marital residence.  Husband

argues: (1) the trial court based its award on an erroneous

appraisal; (2) the facts do not justify the award; (3) the award

is irreconcilable with the decision to give husband the larger

portion of the equity in the marital residence; and (4) the award

was an abuse of discretion because it failed to effect an

equitable distribution of the principal marital asset.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

        Our review of an equitable distribution order pursuant to

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 20-107.3 requires deference to the chancellor's resolution of the equities. The decision will be disturbed only if it fails to comport with the statutory scheme, is without support in the evidence, or reflects an abuse of discretion. Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 231-32 (1993).

The commissioner's initial report estimated the value of the marital residence at $864,500, which was the listing price at the time of the hearing. The commissioner found that husband had provided virtually all the funds used to acquire and construct the marital home, and determined husband was entitled "to a share of the value of the real estate which is at least twice the amount to which [wife] is entitled." However, the commissioner also determined that wife was entitled to a lump sum payable from the proceeds of the marital home, in part due to her substantial nonmonetary contributions to the family's well-being and also because of "the circumstances and factors which led to the dissolution of the marriage." The lump sum payment to wife, subtracted from husband's share, would "result in an equal division of the proceeds." Therefore, the commissioner determined that, on balance, the parties should roughly share the equity, but that wife should be guaranteed $200,000 from the net sale proceeds. The subsequent commissioner's report confirmed that wife was to receive the first $200,000 of the sales proceeds, regardless of the sales price.

While husband alleges that the commissioner's report was

2

based upon the erroneous conclusion that the home would sell for over $800,000, the record demonstrates that the commissioner's recommendation, as accepted by the chancellor, remained the same even when the listing price was substantially lower.  Therefore, there is no evidence to support husband's argument that the commissioner relied on an erroneous fact.

The marital residence was the largest single marital asset.  Wife made few monetary contributions to the marriage, but made substantial nonmonetary contributions.  Husband deserted the marriage, which necessitated the sale of the home.  Husband acquired a separate residence prior to the divorce, while wife and the parties' children had not yet moved.  While husband alleges that no facts justify the award of $200,000 to wife, we cannot say on review that the chancellor's decision to give wife a lump sum award was unsupported by evidence or an abuse of discretion.

There was no irreconcilable conflict between the commissioner's recognition of husband's greater financial contributions to the acquisition of the marital home and the commissioner's recommendation to award a minimum lump sum payment to wife.  The commissioner listed husband's greater financial contributions as a factor which would justify husband receiving a greater share of the sale proceeds.  However, husband's financial contributions were balanced by wife's nonfinancial contributions and husband's desertion of the marriage.  The commissioner

therefore recommended that the parties share the proceeds of the sale of the marital home, subject to the condition that wife first receive at least $200,000. In the event the proceeds were less than $400,000, wife was to receive $200,000 nonetheless. Therefore, husband has not demonstrated that an irreconcilable conflict existed within the commissioner's recommendations.

Finally, the fact that husband might receive less than wife from the sale of the marital home did not amount to an abuse of discretion. The commissioner listed the factors warranting a minimum lump sum payment to wife. "The term 'equitable distribution' does not mean 'equal distribution.'" Marion v. Marion, 11 Va. App. 659, 663, 401 S.E.2d 432, 435 (1991). We cannot say the chancellor abused his discretion by accepting the commissioner's recommendation.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.