COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

ROBERT WARREN GORE

                                    MEMORANDUM OPINION[*]
v.         Record No. 2308-96-3          PER CURIAM
                                    MAY 20, 1997
SYLVIA SWAIN GORE

FROM THE CIRCUIT COURT OF PATRICK COUNTY
Charles M. Stone, Judge

(Richard D. Rogers, Jr., on brief), for
appellant.

(Philip G. Gardner; Gardner, Gardner, Barrow &
Sharpe, on brief), for appellee.


Robert W. Gore (husband) appeals the final decree of divorce and equitable distribution entered by the circuit court.  Husband contends that the trial court erred in (1) valuing the parties' retirement benefits, (2) awarding attorney's fees to Sylvia S. Gore (wife), (3) requiring husband to pay wife the value of a lost engagement ring, (4) awarding wife one-half the face value of savings bonds, and (5) awarding wife $375 in monthly spousal support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

### Pensions

Husband contends that wife's expert erred in valuing his pension, that the present value calculation used post-separation

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

salary increases, that the marital share was erroneously calculated, and that the effect of Social Security payments upon his pension was not considered. We find these contentions to be without merit.

While the court's final decree calculated the present value of husband's pension, the qualified domestic relations order (QDRO) which the court subsequently entered did not rely upon present value. That order calculated the marital share of husband's pension as a fraction of the total pension, based upon the parties' final separation date of February 1992. Specifically, the court awarded wife a pro rata portion of the marital share, defined as:

> one-half (1/2) of the fraction whose numerator is the number of months of federal, civilian and military service that [husband] . . . performed during the marriage and whose denominator is the total number of federal, civilian, and military service performed by the [husband]. . . .

The court found the number of months of employment during the marriage equaled 192. The total number of months of employment will not be established until husband's retirement, based upon his employment starting date of May 12, 1976. Thus, while the court's final decree referred to a present value of husband's pension, the implementing QDRO did not rely upon the present value calculation. Therefore, husband's challenge to the discount rate assumption used by wife's expert in calculating the present value is moot.

Similarly, husband's contention that the present value calculation relied on the value of post-separation earnings is moot. Moreover, husband's argument that the calculation of the marital share cannot rely on any salary levels earned post-separation is incorrect. We rejected a similar argument in Banagan v. Banagan, 17 Va. App. 321, 324-26, 437 S.E.2d 229, 230-31 (1993).

> "It is only fair that both parties share in the increased value of the pension," or one will be "receiving the increase in value" over time which is attributable to the other's marital interest. Contrary to husband's view, such enhancement is clearly a part of the "total [pension] interest" component of the marital share equation and obviously distinguishable from a judicial award of interest on a deferred share of a pension.

Id. at 325-26, 437 S.E.2d at 231 (citations omitted).

Husband also contends that the number of years of retirement benefits earned during the marriage was fourteen, rather than thirty. The QDRO in fact awarded wife benefits based on a total of 192 months, or sixteen years. As this calculation was supported by the evidence, husband has not demonstrated error.

Finally, the court's award to wife of a portion of the marital share complied with the provisions of Code § 20-107.3(G). Husband's contention that the court failed to consider possible reductions in his pension due to Social Security payments is, at best, based on speculation. Husband has not established reversible error.

3

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court ruled that "most of [wife's attorney's fees] are directly attributable to the recalcitrance of the [husband] in honoring court orders and providing meaningful and forthcoming discovery." The court's letter opinion, dated January 10, 1996, noted that husband failed to furnish to wife "his equitable distribution schedules on or before November 10." Wife testified to the delays caused by husband's lack of cooperation.

Based on the number of issues involved, husband's lack of cooperation with discovery, and the parties' respective abilities to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in awarding wife $13,500.

## Engagement Ring

The trial court found more credible wife's testimony that husband removed an engagement ring, valued at $4,500, from the parties' safe deposit box. The ring was given to wife by husband's family, but the parties agreed the ring was wife's

4

separate property. Wife testified that the ring was kept in the safe deposit box to which both parties had keys. When she checked the safe deposit box, she discovered that all of husband's items were gone and the ring box was empty. Husband admitted he had a key to the box, but testified that he had not been in the box for "years" and that he had no idea that the ring wasn't there.

The evidence was presented by depositions and exhibits. "A decree based on testimony in deposition form, while presumed to be correct, is not given the same weight as one where the evidence is heard ore tenus by the chancellor." Moore v. Moore, 212 Va. 153, 155, 183 S.E.2d 172, 174 (1971). Nonetheless, "'[o]n the testimony in deposition form, the decree is presumed to be correct and should not be disturbed for lack of proof if the controlling factual conclusions reached are sustained by a fair preponderance of the evidence.'" Nash v. Nash, 200 Va. 890, 898-99, 108 S.E.2d 350, 356 (1959) (citations omitted). Because credible evidence supports the trial court's finding, we affirm its decree requiring husband to pay the value of the engagement ring to wife.

### Savings Bonds

The savings bonds earmarked for the education of the parties' son were accumulated during the marriage and were properly classified as marital property. Code § 20-107.3(A)(2). In his deposition, husband conceded that the savings bonds did

5

not belong to his son.  Furthermore, the court noted that husband failed to present evidence supporting his claim that the bonds were worth less than their $31,200 face value.  We find no error in the trial court's classification or valuation of the bonds.

## Spousal Support

Without citation to authority or evidence in the record, husband contends that wife's alleged extravagance decreased the value of the marital estate and, as a result, the trial court erred in awarding her spousal support.  "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Therefore, we do not consider this alleged error.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.