UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Annunziata

PATRICK McGARRITY

v.      Record No. 1492-17-2

EMILY McGARRITY

MEMORANDUM OPINION*
PER CURIAM
APRIL 10, 2018

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

(Olivier Denier Long; EZ Justice, PLC, on brief), for appellant.
Appellant submitting on brief.

No brief for appellee.

Patrick McGarrity (husband) appeals a final order of divorce. Husband argues that the trial

court erred by (1) failing to "specify which opinion or opinions it was incorporating by reference,

and fail[ing] to attach any letter opinion when issuing its final order;" (2) dividing the Barrios

401(k) proceeds even though they no longer existed at the time of the equitable distribution hearing;

(3) "disregarding the husband's uncontroverted testimony that he spent the Barrios proceeds for

marital purposes;" (4) "failing to state good cause for utilizing an alternate valuation date that

neither party had requested;" and (5) "ignoring husband's objections to the Amended Final Order."

Upon reviewing the record and appellant's brief, we affirm on the merits and remand this case to

the trial court for further proceedings consistent with this opinion.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Menninger v. Menninger, 64 Va. App. 616, 618, 770 S.E.2d 232, 233 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003)).

The parties married on September 15, 2007, and separated on February 15, 2013. During the marriage, husband contributed to a 401(k) plan with a company he worked for in Texas (the Barrios 401(k) plan). He also rolled over other retirement accounts from previous employers into the Barrios 401(k) plan.[1] In 2010, he and his wife, Emily McGarrity, agreed to take out a $24,000 loan against the Barrios 401(k) plan. As of the date of separation, the loan balance was approximately $18,868, and the value of the account was approximately $68,000, not including the loan. After the parties' separation, husband defaulted on the loan. As a result, the company closed the account, paid off the loan balance, withheld money for taxes, and sent husband a check for the remainder. Husband testified that in July or August of 2013, he received a check for approximately $33,000, which was the net distribution from the Barrios 401(k) plan. On September 27, 2013, husband deposited $33,110.57 into his NSWC Federal Credit Union checking account.

As of the date of the equitable distribution hearing on April 20, 2016, the funds from the Barrios 401(k) plan totaled zero. Husband testified that he paid $7,000 to wife for support arrearages and $5,000 to his attorney for attorney's fees. He set aside $12,310 for taxes, but husband said that he spent that amount on living expenses instead.[2] He also paid off the balance owed on the Bank of America credit card, which he said was a marital debt. Husband testified that he paid for painting at the townhouse the parties owned, and the bank statements indicated that he

---

[1] Husband estimated that between $12,000 and $18,000 was premarital.

[2] Husband testified that he later received a letter from the IRS stating that he owed approximately $18,000 in taxes and penalties for failure to pay the taxes on the 401(k) distribution.

paid $1,800 for the painting. The October and November 2013 bank statements showed that husband paid the monthly Wells Fargo mortgage payment of $1,470.[3]

On October 3, 2016, the trial court issued its letter opinion. With respect to the Barrios 401(k) account, the trial court wrote,

> $68,000.00 was deposited which was a rollover of all Husband's previous 401(k) plan balances, part separate and part marital. The parties in 2010 by agreement took out a $20,000.00 loan against this account to pay off marital debts leaving $48,000.00 which was the approximate balance when they separated. The $48,000 at separation is first reduced by the premarital portion which Husband estimated to be $12,000.00 to $18,000.00. The Court uses $15,000.00 as the premarital portion. Wife is entitled to 50% of $33,000.00 which is the marital share plus increases and losses on that amount from March 31, 2013.
>
> Husband gets no credit for what he owes to Wife from this retirement account distribution based on paying her $7,000.00 that he owed her on support arrearages.

The trial court instructed husband's counsel to prepare a final decree of divorce reflecting the trial court's rulings. Husband's counsel prepared the final decree and included a paragraph stating, "The Court's letter opinion, listing the considerations in making the awards herein, is incorporated into this Order by reference. A copy of the opinion is attached as Exhibit #1." The trial court's October 3, 2016 letter opinion was attached to the draft order.

Prior to entry of the final decree, both parties filed motions for reconsideration and asked the trial court to reconsider its rulings. Husband's motion included a paragraph stating, "The Barrios 401k plan had no value at the date of the final hearing and no motion for an alternative valuation date was filed pursuant to the relevant statute, therefore the award of a share of this plan to Wife

---

[3] In July 2015, the bank foreclosed on the townhome due to the parties' failure to pay the mortgage.

was error." The trial court scheduled a hearing for February 14, 2017, to hear arguments on the motions for reconsideration and presentation of the final decree.[4]

On February 14, 2017, the trial court entered the final order of divorce, *nunc pro tunc* to April 20, 2016. Both parties noted their objections to the order. The final order stated, "Wife is awarded 50% of $33,000.00 which is the marital share of the Barrios Wilmington Trust 401(k) plan as of March 31, 2013 to include any profits or losses on that amount from that date."

On March 1, 2017, the trial court issued a letter opinion with its rulings regarding both parties' motions for reconsideration. With respect to the Barrios 401(k) account, the trial court stated,

> The Court was under the impression from the evidence presented that the Barrios 401K account was still in existence and Wife was entitled to her marital share. Husband apparently liquidated that account taking her share into his possession and using it for his separate purposes. The Court grants her a monetary award of $16,500.00 payable over a period of five years at $275.00 monthly.

The trial court instructed wife's counsel to prepare an amended decree of divorce.

On March 2, 2017, the trial court entered an order suspending the February 14, 2017 final order of divorce "until further order of this Court." Subsequently, wife's counsel filed a notice and motion to present the amended final order of divorce. The parties appeared before the trial court on August 7, 2017.[5] On August 18, 2017, the trial court entered an amended final order of divorce. With respect to the Barrios 401(k) plan, the amended final order stated,

> Wife is awarded $16,500.00 of the Barrios Wilmington Trust 401(k) plan which is to be paid by the Husband to the Wife in monthly installments of $275.00 (USD), beginning 30 days after the entry of this Final Order, and continuing to be due each month until the aforesaid sums of monies are paid in full.

---

[4] The record does not include a transcript or written statement of facts from the February 14, 2017 hearing.

[5] The record does not include a transcript or written statement of facts from the August 7, 2017 hearing.

Both parties attached their objections to the amended order. Among his objections, husband indicated that he objected to the distribution of the Barrios 401(k) plan. His objection stated, "The plan had zero value on the date of the evidentiary hearing. Neither party requested a different, valuation date pursuant to Virginia Code § 20-107.3(A), and the Court made no finding of marital waste."

On August 18, 2017, the trial court entered an order allowing husband's counsel to withdraw. On August 25, 2017, husband filed *pro se* a motion to reconsider. Husband did not refer to the Barrios 401(k) plan in his motion to reconsider, but included a footnote stating that the trial court "may have neglected to attach the letter opinion to the Final Order." On August 25, 2017, husband also filed *pro se* supplemental objections, and he included an objection that the trial court "failed to attach the letter opinion incorporated by reference at paragraph 2 on page 3." On August 29, 2017, the trial court entered an order denying husband's *pro se* motion to reconsider.

On September 6, 2017, husband filed *pro se* an "Amended Objection" and sought to change his objection to the amended final order with respect to the Barrios 401(k) plan. Now, he asserted, "Mr. McGarrity objects to equitable distribution of the Barrios 401k plan. The plan had zero value on the date of the evidentiary hearing. Mr. McGarrity, [sic] rebutted the presumption of marital waste by showing that the $33,410.57 from the Barrios 401k plan was spent for valid marital purposes."

Husband, acting *pro se*, timely noted his appeal of the amended final order of divorce.

ANALYSIS

*Assignment of error #1*

Husband argues that the trial court erred when it failed to specify which letter opinions it was referencing in its amended final order of divorce and when it failed to attach any letter opinions to the amended final order of divorce. Husband contends the amended final order was "ambiguous"

because it did not specify which letter opinion was incorporated by reference. He further analogizes this error to a scrivener's error and relies on Dorn v. Dorn, 222 Va. 288, 279 S.E.2d 393 (1981), to support his argument.

Paragraph 2 under the "Decision" section of the amended final order of divorce, entered on August 18, 2017, reads, "The Court's letter opinion, listing the considerations in making the awards herein, is incorporated into this Order by reference, and shall be hereinafter referred to as 'letter opinion.' A copy of the opinion is attached as Exhibit # 1."

This Court notes that the language to which husband objects was drafted originally by his counsel. The draft, submitted by husband's counsel on February 7, 2017, had attached to it the October 3, 2016 letter opinion. The identical language was included in the February 14, 2017 order and the August 18, 2017 amended final order, but no letters were attached to those orders.

Code § 8.01-428(B) provides,

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

It appears that there was a clerical mistake when the trial court neglected to attach the letter opinion(s) that were incorporated into the amended final order of divorce. Accordingly, we remand this matter to the trial court and instruct it to attach its letter opinion(s) to the amended final order of divorce.

*Assignments of error #2, 3, and 4*

Husband argues that the trial court erred in its valuation and distribution of the Barrios 401(k) plan. "[D]ecisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."

Wright v. Wright, 61 Va. App. 432, 450, 737 S.E.2d 519, 527 (2013) (quoting McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)). "[R]etirement and pension plans, by their nature and diversity, present unique problems in a division of marital wealth, and the task of the trial court in making an equitable distribution of such benefits is not an easy one." Id. at 455, 737 S.E.2d at 530 (quoting Banagan v. Banagan, 17 Va. App. 321, 324-25, 437 S.E.2d 229, 231 (1998)).

In its October 3, 2016 letter opinion, the trial court listed husband's retirement assets, including the Barrios 401(k) plan. The evidence proved that the Barrios 401(k) plan had a balance of $68,000 at the time of the separation. The trial court noted that husband had rolled over premarital 401(k) accounts into the Barrios 401(k) plan, so the trial court correctly classified the account as part marital and part separate. In determining the value of the Barrios 401(k) plan, the trial court found that $15,000 was husband's premarital portion. It also considered the $20,000 loan that the parties took out in 2010 to pay marital debts. After deducting the loan and husband's premarital portion, the trial court held that the marital share of the Barrios 401(k) plan was $33,000 and awarded wife fifty percent of the marital share.

Husband argues that the trial court erred by valuing the Barrios 401(k) plan as of the date of the separation because neither party filed a motion for an alternate valuation date. However, the trial court calculated the marital share of the Barrios 401(k) plan according to Code § 20-107.3(G)(1), which defines the marital share of a retirement account as "that portion of the total interest, *the right to which was earned during the marriage and before the last separation of the parties*, if at such time or thereafter at least one of the parties intended that the separation be permanent." (Emphasis added). A trial court values the marital share of retirement assets by looking at the amount earned from the date of marriage to the date of separation. The value of the Barrios 401(k) plan was $68,000 as of the date of separation. The trial court deducted husband's

- 7 -

premarital portion and the parties' loan in order to arrive at the marital share value of $33,000. No party needed to file a motion for an alternate valuation date in order to have the trial court value the Barrios 401(k) plan as of the date of separation. Code § 20-107.3(G)(1) required the trial court to determine the value of the Barrios 401(k) plan as of the date of separation, not the date of the evidentiary hearing. Since the trial court followed the requirements of Code § 20-107.3(G)(1), the trial court did not err in valuing the Barrios 401(k) plan.

Husband also argues that the trial court erred in distributing the funds from the Barrios 401(k) plan. He asserts that there were no funds available to distribute at the time of the equitable distribution hearing because he spent all of the funds for marital purposes. "The 'function of the [circuit court] is to arrive at a fair and equitable monetary award based on the equities and the rights and interests of each party in the marital property.'" Wright, 61 Va. App. at 456, 737 S.E.2d at 530 (quoting Fadness v. Fadness, 52 Va. App. 833, 841, 667 S.E.2d 857, 861 (2008)). After determining that the marital share was valued at $33,000, the trial court awarded wife fifty percent of the marital share, or $16,500. It ordered husband to pay wife $275 per month for five years for her interest in the marital share of the Barrios 401(k) plan.

Contrary to husband's arguments, the trial court complied with the statutory mandates. Code § 20-107.3(G)(1) provides that a trial court "may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time." In accordance with Code § 20-107.3(G)(1), the trial court was authorized to order husband to pay wife, over a period of time, for her share of the retirement asset. See Rowe v. Rowe, 24 Va. App. 123, 142, 480 S.E.2d 760, 769 (1997). Husband's dissipation of all of the funds from

the Barrios 401(k) plan after the date of separation did not eliminate wife's interest in the marital share of the retirement asset.

Accordingly, the trial court did not err in valuing and distributing the Barrios 401(k) plan.

*Assignment of error #5*

Husband argues that the trial court erred by "ignoring husband's objections to the Amended Final Order." Husband asserts that the trial court "made an error of law when it failed to revise the Amended Final Order despite the husband's timely informing the court that his disbursements were for marital purposes."

Considering our rulings above, this Court will not address husband's fifth assignment of error. See Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) (holding that "an appellate court 'decides cases "on the best and narrowest ground available"'" (quoting Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*))).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed and remanded for the trial court to correct the clerical error by attaching its letter opinion(s) to the final order of divorce.

Affirmed and remanded.