FREDDIE JOE RUSS

v.

COMMONWEALTH OF VIRGINIA

No. 0297-85

Decided May 6, 1986

COUNSEL

David L. Scyphers (Johnson, Scyphers & Austin, P.C., on brief), for appellant.

Russell C. Williams, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Freddie Joe Russ appeals from his conviction by the Washington County Circuit Court for operating a motor vehicle after being adjudged an habitual offender in violation of Code § 46.1-387.8. After a non-jury trial, Russ was sentenced to serve two years in the penitentiary. Russ attacks the conviction by arguing that the underlying 1979 habitual offender adjudication was void. Relying on *Slaughter* v. *Commonwealth*, 222 Va. 787, 284 S.E.2d 824 (1981), he asserts that the Circuit Court of the City of Richmond lacked jurisdiction to declare him an habitual offender because he was, at the time of the conviction, a resident of Washington County, Virginia. We disagree with the argument that the prior adjudication was void, and affirm the conviction.

Russ was adjudged an habitual offender on April 25, 1979, in the Circuit Court of the City of Richmond. The "show cause" order of the habitual offender proceeding was served on the Secretary of the Commonwealth on March 26, 1979, as authorized by Code § 46.1-387.5 in cases involving proceedings against nonresidents of the state. Russ contends that he was at the time of the 1979 adjudication and for many years prior thereto a resident of the Commonwealth of Virginia; therefore, he argues that under Code § 46.1-387.3 the state was required to proceed against him in the circuit court of the county of his residence. He submits that since this was not done, he was never properly declared an habitual offender.[1]

In *Slaughter* v. *Commonwealth*, 222 Va. 787, 284 S.E.2d 824 (1981), on facts similar but distinguishable from those in this case, the Supreme Court found that the evidence failed to prove

---

[1] Russ does not contend that he never received notice that he had been adjudged an habitual offender. He had, in fact, been convicted on two previous occasions for operating a motor vehicle after being declared an habitual offender.

that the defendant was a nonresident of Virginia when the habitual offender adjudication proceeding was initiated and when substituted process was served in the City of Richmond. The Supreme Court noted that a trial court "acquires no jurisdiction over the person of a defendant until process is served in the manner provided by statute . . . and a judgment entered by a court which lacks jurisdiction over a defendant is void as against that defendant." *Id.* at 791, 284 S.E.2d at 826 (citations omitted). Noting that substituted service of process was authorized only if the accused was a nonresident, the Court held that in making the initial determination as to where venue is to be laid and how process is to be served, the Commonwealth must necessarily rely upon the defendant's last known address as shown by the records of the Division of Motor Vehicles. Finding that Slaughter's last known address according to the DMV records was in Virginia, the Court reversed his conviction, holding that the substituted service of process was invalid, thereby rendering the court's order void. *Id.* at 792, 284 S.E.2d at 827.

In the present case, the trial court had the DMV records certified as of January 28, 1985, including the records and abstracts of conviction on file when the March 26, 1979, show cause order was issued to Russ as a nonresident. As of March 26, 1979, the latest record upon which the Commonwealth relied to establish Russ's last known address was an abstract of conviction for driving on revoked operator's license on August 19, 1978. At the date of that offense, the record listed 611 Holston Avenue, Bristol, Tennessee as his address. The information on the abstract further disclosed that at the time of the 1978 offense, Russ was the owner of the 1957 Chevrolet which he was operating, bearing 1978 Tennessee registration plates. Two earlier abstracts of conviction in the DMV's records listed Route 2, Abingdon, Virginia as Russ's address. These offenses occurred on April 22, 1978, and September 6, 1974, respectively. The abstracts for the latter two offenses also showed that Russ was operating separate vehicles, both registered in Virginia. The record did not specify in whose name the vehicles were registered.

Both Russ and his wife testified that Russ was a Virginia resident in March and April of 1979 and had been a resident for several years prior thereto, living with his parents at Route 2, Abingdon, Virginia. Russ, however, acknowledged having a Tennes-

see operator's license at the time and suggested that the Tennessee address appearing on the DMV's latest abstract was obtained by the arresting officer from that operator's license. He testified that the Tennessee address shown on his license was that of a fellow worker.

In addition to the records of the DMV through March of 1979, the trial court in this case had before it subsequent abstracts of convictions that were unavailable when the Commonwealth initially issued the show cause order. Of the four subsequent abstracts filed with the Division, two continued to list 611 Holston Avenue, Bristol, Tennessee as his address; the other two listed Route 2, Box 551, Abingdon, Virginia as his address.

Whether Russ was a nonresident at the time of the March 1979, habitual offender adjudication was an issue which the trial court in this case resolved in favor of the Commonwealth. On appeal, we decide whether the evidence was sufficient to find, for the purpose of Code § 46.1-387.3, that Russ was a nonresident. Code § 46.1-1(16) defines a "nonresident" as "[e]very person who is not domiciled in this State."

In this case, unlike *Slaughter*, the evidence proved that the latest record of the Division of Motor Vehicles showed Bristol, Tennessee as Russ's last known address. In addition to this evidence, which was *prima facie* proof of nonresidency, Russ acknowledged that he possessed a Tennessee operator's license at the time of his arrest, and that the Tennessee address shown by the DMV's records was the same address shown on his Tennessee license, which he stated was the address of a fellow employee. The fact that the vehicle which Russ owned and operated on August 19, 1978, was registered in Tennessee was additional evidence of nonresidency.

Although Russ and his wife testified that at the time of the habitual offender adjudication he resided with his parents at Abingdon, Virginia, the evidence was sufficient to support the trial court's finding in this case that Russ was a nonresident of Virginia in March 1979, for the purpose of Code § 46.1-387.3. Proof that his last known address according to DMV records was Tennessee, and other evidence which showed that Russ had claimed residency in Tennessee for purposes of obtaining an operator's license and motor vehicle registration, supported the trial court's finding that

Russ was a nonresident.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.