**Salem**

JEFFERSON M. ROBINETTE, JR.

v.

DORIS KATHRYN KELLNER ROBINETTE

No. 1045-88-3

Decided June 12, 1990

COUNSEL

Charles B. Phillips (Phillips, Doherty & Swanson, on brief), for appellant.

Carr L. Kinder, Jr. (Bird, Kinder & Huffman, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In *Robinette v. Robinette*, 4 Va. App. 123, 354 S.E.2d 808 (1987), a panel of this Court held that the trial court failed to consider the equitable factors of Code § 20-107.3(E) in regard to the entire marital estate of the parties when it made an equitable distribution award to Mrs. Robinette. Accordingly, the case was remanded for reconsideration. The present appeal is a continuation of this equitable distribution dispute between the parties.

In addition to the evidence presented upon remand, by agreement of the parties, the record in the prior proceeding was made a part of the evidence to be considered by the trial court. After considering this evidence, by final decree entered on June 29, 1988, the trial court made a monetary award of $191,880 in favor of Mrs. Robinette. This decree further provided that if Mr. Robinette chose to do so he could convey his interest in the Giles County farm to Mrs. Robinette and receive a credit of $125,000

against this award. On appeal, Mr. Robinette raises the following issues: (1) whether the court erred by treating his "pension" program in the same manner as the other marital assets, and (2) whether the court's award was excessive and thus inequitable. Because these issues are necessarily interrelated and interdependent, we will address them together for purposes of our resolution of this appeal.

Classification and evaluation of the marital property are not in dispute. The marital property subject to a monetary award consisted of a lot in Florida; two burial lots; a farm in Giles County, Virginia; and a "profit sharing, pension, and stock program." The value of the Florida lot was $6,750, and the parties agreed to continue to own this property as tenants in common. Similarly, the parties, without a determination of value, agreed to continue to own the burial lots as tenants in common. Thus, for purposes of this appeal, the only two marital assets in dispute are the Giles County farm valued at $251,000 and the profit sharing, pension, and stock program valued at $233,850.77, for a total pool of marital property valued at $484,850.77.

The Giles County farm has been in Mrs. Robinette's family since 1793. The Robinettes were married in 1945. In 1960, Mrs. Robinette's mother conveyed this farm to Mrs. Robinette. About fifteen years later, after Mr. Robinette made a monetary contribution of $35,000 to build a house on the farm, Mrs. Robinette conveyed by deed a one-half interest in the farm to him.

While the parties were still married but subsequent to the filing of divorce proceedings, Mr. Robinette ceased his employment at Burlington Industries. All of his benefits designated by his employer as profit sharing, pension, and stock program were paid in a lump sum of $233,850.77 to him at that time. That portion of this sum designated as pension amounted to $58,544. No conditions were placed on the payment of the total lump sum to Mr. Robinette by his employer. Upon receipt of these funds, Mr. Robinette placed them in a voluntary "Bank of Virginia Retirement Plan" to avoid having to pay income taxes on them at that time. The trial court found, and the record supports, that Mr. Robinette "has the ability, unfettered except by tax considerations, to control totally the receipt, payment or application of this entire sum. Mr. Robinette has sole title to this property." Mr. Robinette testified that any withdrawals from this account would

be subject to a twenty-five to thirty-five percent tax. The trial court, while noting that this estimate might not be accurate, accepted this estimate as accurate for purposes of its determination of the amount of the monetary award in favor of Mrs. Robinette.[1]

After considering the evidence and the provisions of Code § 20-107.3, and determining that a monetary award should be granted in favor of Mrs. Robinette, the court gave a partial explanation of its reasoning in determining the amount of the award. In its opinion letter, the court noted that with regard to the farm, its origin and character before Mrs. Robinette executed the 1960 deed making it entireties property were "factors weighing heavily in Mrs. Robinette's favor under Code § 20-107.3(E)(6) and (11)." Mr. Robinette does not challenge that determination by the trial court. Moreover, that determination is amply supported by the evidence. The court further determined that, with the exception of the equities in the farm, "the equities and the statutory factors balance evenly between the parties." Again, this determination is amply supported by the evidence. Mr. Robinette does not challenge specifically the determination that the equities balance evenly between him and Mrs. Robinette with regard to the funds in his name and derived from his employment. The thrust of his argument is that Code § 20-107.3(G) limits the amount of the monetary award which could properly be awarded based in part on these funds.

At the time of these proceedings Code § 20-107.3(G) provided:

No part of any monetary award based upon the value of *pension or retirement benefits*, whether vested or nonvested, shall become effective until the party against whom such award is made actually begins to receive such benefits. No such award shall exceed *fifty percent of the cash benefits actually received* by the party against whom such award is made.

---

[1] We assume that the trial court's reservations about the accuracy of the tax consequences were based on the fact that to the extent that Mr. Robinette made contributions to these funds during his employment, not all of the withdrawals would be subject to taxes.

(emphasis added).[2] Also at the time of these proceedings, prior to repealing legislation in 1988, one of the factors to be considered by the court in determining the amount and method of payment of a monetary award was the present value of pension or retirement benefits, whether vested or nonvested. Code § 20-107.3(E)(8). Pursuant to this provision, the court determined that the value of the funds in Mr. Robinette's name was $233,850.77, and the court used that value in part in determining the amount of the monetary award.

Based on these statutory provisions, Mr. Robinette first argues that his funds were "pension or retirement benefits." He then argues that because the court had no authority to order the conveyance of title to the farm to either party, the monetary award of $191,880 was made solely from these funds.[3] Continuing, he argues that because $191,880 is more than fifty percent of $233,850.77, the value of his pension or retirement benefits, the court erred by exceeding the fifty percent limitation of former Code § 20-107.3(G). Finally, Mr. Robinette asserts that the monetary award in this case results in Mrs. Robinette receiving sixty-five percent of the value of the marital property (one-half of the value of the farm plus $191,880) and Mr. Robinette receiving only thirty-five percent (one-half of the value of the farm plus the balance of his pension funds less taxes). He argues that such a result is "inequitable distribution" of the marital property.

We first address the initial premise of Mr. Robinette's argument that the funds in his sole name are "pension or retirement benefits" as contemplated by former Code § 20-107.3(G). While this Code section has been amended to now include "profit-sharing and deferred compensation" in addition to "pension or retirement benefits," we do not believe the funds contemplated have been altered by the legislature. These terms are not statutorily defined in Title 20. They do have a generally accepted meaning, however, and we believe such was intended by the legislature.

---

[2] Currently Code § 20-107.3(G), in pertinent part, refers to "pension, profit-sharing or deferred compensation plan or retirement benefits." The fifty percent provision remains unchanged.

[3] Following legislative revisions in 1988, Code § 20-107.3(C) now provides that the court may order the division or transfer of jointly owned marital property.

■ A pension is a retirement benefit paid regularly, with the amount of such based generally on length of employment and amount of wages or salary of pensioner. It is deferred compensation for services rendered. Black's Law Dictionary 1020 (5th ed. 1979). While we recognize that retirement benefits may be structured in many forms, we hold that the funds contemplated and thus included within the provisions of former Code § 20-107.3(G) and the present Code section, whether paid periodically or in lump sum, are funds paid or to be paid upon cessation of employment to the employee by his or her employer as a result of the employment as a means of deferred compensation.

■ In this context, *at the time these funds were paid* to Mr. Robinette by his employer they were "pension and retirement benefits" as contemplated by former Code § 20-107.3(G). This conclusion, however, does not dictate the further conclusion, on the facts of this case, that these funds were benefits to which the fifty percent limitation of this Code section were applicable *at the time the court considered these funds and made its monetary award.* At that time these funds were in a bank "Retirement Plan" where Mr. Robinette had deposited them apparently to defer the payment of taxes upon receipt of them from his employer. For purposes of our decision, we accept that this in fact avoided the payment of taxes on the receipt of these funds at that time. The court found, however, and that finding is supported by the evidence, that these funds were under the unrestricted control of Mr. Robinette. The fact that the bank account was designated as a "retirement plan" and that tax consequences might result from withdrawals does not diminish his control over these funds. Consequently, at the time of the award, these funds had lost their character as "pension or retirement benefits" as contemplated by former Code § 20-107.3(G), and, thus, they were not subject to the fifty percent limitation of that Code section. The essence of Mr. Robinette's argument that former Code § 20-107.3(G) is applicable to the funds in the bank "retirement plan" account is that his pension and retirement benefits from his employer were the readily identifiable source of them. However, "Virginia's equitable distribution statute does not adopt the source of funds doctrine." *Smoot v. Smoot*, 233 Va. 435, 439, 357 S.E.2d 728, 731 (1987). Because former Code § 20-107.3(G) and specifically its fifty percent limitation are not applicable to these funds, if Mr. Robinette's argument on appeal has merit it must be in his argu-

ment that the amount of the monetary award was excessive and thus not equitable. We turn now to address that issue.

Initially, we note that the record is clear that, pursuant to our mandate in the first appeal of this case, the trial court considered all of the factors in Code § 20-107.3(E) in determining the amount of the monetary award. We also note that Mr. Robinette does not challenge the award on the ground that the court approved in advance the transfer of his interest in the farm to obtain a credit of $125,000, although it is clear that this option influenced the court's determination of the amount of the award. Finally, we reject Mr. Robinette's assertion that the court made its award solely from his funds in the bank. It is clear that the court made its award from the total marital property valued at $484,550.77.

The standard of our review on appeal of a monetary award granted pursuant to Code § 20-107.3 is now well settled. That review is limited to an abuse of discretion.

Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

*Smoot*, 233 Va. at 443, 357 S.E.2d at 732; *see also Brown v. Brown*, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 367 (1987); *Artis v. Artis*, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). It is equally well settled that there is no presumption in Virginia favoring equal division of marital property. Nor is a court constrained from making an equal division if it finds it appropriate to do so upon consideration of the factors set forth in Code § 20-107.3(E). *See generally Papuchis v. Papuchis*, 2 Va. App. 130, 341 S.E.2d 829 (1986); *Bentz v. Bentz*, 2 Va. App. 486, 343 S.E.2d 373 (1986); *Williams v. Williams*, 4 Va. App. 19, 354 S.E.2d 64 (1987). We find no abuse of the chancellor's discretion in this case in granting a monetary award in favor of Mrs. Robinette which resulted in an unequal distribution of the value of the marital property to her.

The court's monetary award reflected its determination that how and when the Giles County farm was acquired, Code § 20-107.3(E)(6), and such other factors as the court deemed necessary or appropriate in order to arrive at a fair and equitable monetary award, Code § 20-107.3(E)(11), were factors weighing heavily in favor of Mrs. Robinette with regard to this property. We interpret the court's reasoning as reflecting a judgment that, because this farm had been in Mrs. Robinette's family since 1793 and she had conveyed a one-half interest in it to Mr. Robinette as a gift after he made a small contribution to the construction of a house on it, the equities between the parties favored Mrs. Robinette with respect to the farm. The evidence supports the equitable result of this reasoning. Similarly, the evidence supports the court's determination that the statutory factors of Code § 20-107.3(E) balanced evenly between the parties with regard to the remainder of the marital property. The trial court's monetary award reflected that determination. While the mathematical determination of the actual amount of the monetary award of $191,880 in favor of Mrs. Robinette is susceptible to several different modes of calculation, we decline to speculate on which was actually employed by the trial court. Moreover, such is neither necessary nor appropriate for us to do. The result of the amount of the monetary award is that the equities which support an unequal division of the value of the marital property in favor of Mrs. Robinette are given effect. The trial court's determination of the amount of the monetary award was an appropriate exercise of the court's discretion based upon the evidence and the factors of Code § 20-107.3(E). Mr. Robinette ultimately retains the ability to convey his interest in the farm to Mrs. Robinette and retain the major portion of his funds or he may keep his interest in the farm and retain a smaller portion of his funds. We find no abuse of discretion in such a result and accordingly affirm the decision of the trial court.

*Affirmed.*

Keenan, J., and Moon, J., concurred.