COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

CHARLES HENRY CRENNEL

v.    Record No. 2629-94-1          MEMORANDUM OPINION[*] BY
                                    JUDGE RICHARD S. BRAY
MILDRED L. HENDERSON CRENNEL          SEPTEMBER 19, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        L. Cleaves Manning, Judge

        B. Thomas Reed for appellant.

        (Donald G. Wise, on brief), for appellee.  Appellee
        submitting on brief.


        Charles Henry Crennel (husband) and Mildred L. Henderson

Crennel (wife) were divorced by decree of the trial court entered

on November 14, 1994.  Husband complains on appeal that the court

erroneously classified as marital property certain "retirement

incentive pay" received by him and awarded wife a related "lump sum

payment."  However, because of deficiencies in the record, we are

unable to properly consider this issue and affirm the decree.

        Following an <u>ore</u> <u>tenus</u> hearing before a commissioner in

chancery, the commissioner reported to the trial court that the

disputed "separation pay" was "in lieu of wages," an "inducement"

for husband to "take early retirement," and, therefore, husband's

separate property.  Wife's exception to this finding was argued by

counsel before the trial court and, "[u]pon consideration of the

. . . report and recommendations, the evidence and argument . . .,"

the trial judge concluded that the payment constituted "marital

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

property . . . to be divided between the parties."  No transcript or written statement of these proceedings is before this Court. See Rule 5A:8.

It is well established that an equitable distribution award will not be reversed on appeal

> [u]nless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities . . . .

Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990) (citations omitted).  The ruling of the trial court is "presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the . . . court . . . erred . . . .  [Otherwise,] the judgment will be affirmed."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961) (citations omitted); Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Here, the record reflects that the trial court sustained wife's exceptions to the commissioner's report and attendant recommendations following an ore tenus hearing.  This ruling is presumably correct and, with no record of the related hearing, we are unable to properly review the decree for error.[1]

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[1]Husband's appellate counsel first appeared of record following entry of the decree in contention.