COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


DABNEY C. ROBERTSON (LANG)
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3046-96-2      JUDGE LARRY G. ELDER
                                     SEPTEMBER 16, 1997
JAMES L. ROBERTSON


          FROM THE CIRCUIT COURT OF HANOVER COUNTY
                 Richard H. C. Taylor, Judge

        C. Thomas Mustian (Mustian & Parker, on
        brief), for appellant.

        No brief or argument for appellee.



     Dabney C. Robertson (Lang) (wife) appeals the trial court's

award of equitable distribution in her divorce from James L.

Robertson (husband).  She contends that the trial court erred

when it calculated the amount of the credit awarded to husband

from the proceeds of the sale of the marital home.  She also

contends that the trial court's decision to award the parties

"their respective retirement accounts" is "confusing."  For the

reasons that follow, we affirm.

                              I.

            CALCULATION OF HUSBAND'S MORTGAGE CREDIT

     Wife contends that the trial court erred when it calculated

the amount of the credit it awarded to husband for paying wife's

share of the parties' mortgage since their separation (mortgage

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

credit). She argues that the trial court's conclusion that husband's mortgage credit from September, 1993 through July, 1996 was $6,701 was erroneous because the trial court failed to give sufficient credit to her for paying husband's share of child support during this time period. We disagree.

The trial court's award of a mortgage credit to husband was akin to a monetary award. Thus, we review the trial court's calculation of husband's mortgage credit according the legal principles applicable to such awards.

Code § 20-107.3, which governs awards of equitable distribution, "is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership based on the monetary and non-monetary contributions of each spouse." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). "Where an equitable distribution is appropriate, then all of the provisions of Code § 20-107.3 must be followed." Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987). The court must determine "the legal title as between the parties," and "the ownership and value" of all of the parties' property and then classify this property as "marital," "separate," or "part separate and part marital." Code § 20-107.3(A). After this is done, the court may (1) order the division or transfer, or both, of jointly owned marital property, (2) apportion and order the payment of marital debts, or (3) grant a monetary award to either party. See Code

2

§ 20-107.3(C), (D).  The court must determine the amount of its

award of any of these remedies "upon the factors listed in [Code § 20-107.3(E)]." Code § 20-107.3(C), (D). Subject to these enumerated statutory factors, "[t]his division or transfer of jointly owned marital property [, the apportionment of marital debts], and the amount of any monetary award, . . . is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).

On appeal, the trial court's award of equitable distribution will not be reversed "unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities." Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990) (citations omitted).

We hold that the trial court did not commit reversible error when it calculated the amount of husband's mortgage credit according to the commissioner's method. First, the trial court correctly followed the mandates of Code § 20-107.3, and all of its factual findings are supported by evidence in the record. The trial court incorporated the commissioner's report into its final order. In his report, the commissioner determined the ownership and value of the marital home and classified it as marital property. The commissioner also determined that the mortgage obligation was incurred prior to the dissolution of the

4

parties' marriage. The commissioner then considered the evidence relevant to each of the statutory factors of Code § 20-107.3(E). Our review of the commissioner's findings indicates that they are supported by credible evidence.

In addition, we cannot say that the method used by the commissioner and adopted by the trial court to calculate the amount of husband's mortgage credit was an abuse of discretion. Pursuant to Code § 20-107.3(D), once the trial court decided to award husband a monetary award in the form of a credit against the proceeds from the sale of the marital home, it was required to base the amount of this award "upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in [Code § 20-107.3(E)]." In determining the amount of husband's mortgage credit, the commissioner considered all of the enumerated factors of Code § 20-107.3(E) including other factors that he deemed "necessary . . . to consider in order to arrive at a fair and equitable monetary award." The additional factors considered by the commissioner included the fact that husband had paid wife's share of the monthly mortgage since the parties separated and that husband had declined to financially support the parties' children since that time. Based on these considerations, the commissioner developed a method of calculating husband's mortgage credit that accounted for his nonpayment of child support. The result of the commissioner's method ultimately reduced husband's mortgage

5

credit from $14,456 to $6,701.[1]  Based on our review of the trial
court's analysis, we conclude that it was within the proper
exercise of its discretion when it calculated husband's mortgage
credit by applying the commissioner's method to account for
husband's nonpayment of child support.

We disagree with wife that Code § 20-107.3 compelled the
trial court to calculate husband's mortgage credit in the manner
prescribed in her brief.  Code § 20-107.3(D) does not mandate
that a trial court use specific formulas to calculate monetary
awards in specific factual situations.  Instead, the
determination of the amount of a monetary award in a given case
is within the discretion of the trial court subject to its
consideration of the factors of Code § 20-107.3(E).  See Dietz,
17 Va. App. at 216, 436 S.E.2d at 471.  Wife's method of
calculating husband's mortgage credit is merely one of many
methods that was available to the trial court when it exercised
its discretion to grant husband such a credit.

II.

THE PARTIES' RETIREMENT ACCOUNTS

Wife also contends that the trial court's award regarding
the parties' retirement accounts was "confusing."  Wife concedes
that the trial court's award of the retirement accounts was not

---

[1]$14,456 is wife's share of the total mortgage payments made
by husband from September, 1993 through July, 1996 [(35,100 x
.32) + (10,400 x .31)].  The mortgage credit actually awarded to
husband for this time period under the commissioner's method was
$6,701.

an abuse of discretion. Instead, she asks us to remand the trial court's award regarding the retirement accounts "to properly address which . . . pension plans" were included in the award. Because the trial court's order indicates that it intended to include both the parties' individual retirement accounts and husband's employer-sponsored pension plan in its award regarding the parties' retirement accounts, we disagree.

At the hearing before the commissioner, the parties offered evidence regarding their individual retirement accounts and husband's employer-sponsored pension plan. The parties testified that they each had an "individual retirement account" that they established in their individual names during the marriage. Regarding husband's employer-sponsored pension plan, the evidence proved that husband's employer provided husband with a pension plan and that husband's vested benefit "under the 10 years certain and life annuity option" was currently $279 per month starting in 2010.

In his report, the commissioner stated that "the parties stipulated . . . that each would keep their respective individual retirement accounts." He made no mention of husband's employer-sponsored pension plan. Wife objected to the omission of the pension plan from the commissioner's recommended award of equitable distribution. In its final order, the trial court ordered "that the parties keep their respective retirement accounts." We conclude that the trial court's deletion of the

7

word "individual" from the language used by the commissioner indicates its clear intention to include husband's employer-sponsored pension plan in its award of equitable distribution and to award the full amount of the plan to husband.

For the foregoing reasons, we affirm the trial court's award of equitable distribution.

Affirmed.