COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


GORDON ARTHUR SCHROETER

                                        MEMORANDUM OPINION* BY
v.    Record No. 2608-98-4              JUDGE JAMES W. BENTON, JR.
                                           DECEMBER 28, 1999
ALYCE P. SCHROETER


            FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                     John R. Prosser, Judge

          William B. Allen, III (Amy B. Tisinger;
          Allen & Allen, P.C., on brief), for
          appellant.

          Michelle M. Jones (Robert T. Mitchell, Jr.;
          Hall, Monahan, Engle, Mahan & Mitchell, on
          brief), for appellee.


     This appeal arises from a final decree of divorce.  Gordon

Arthur Schroeter contends that the trial judge erred in

determining child custody, visitation schedules, child support,

allocation of marital debts when decreeing as to the property of

the parties, and attorney's fees.  For the reasons that follow, we

affirm the decree.

     Gordon Arthur Schroeter and Alyce P. Schroeter were married

in 1994 and separated in 1997.  One child was born during the

marriage.  At the trial of the divorce proceeding, the husband and

wife stipulated that the divorce should be granted on the ground

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that they had lived apart without interruption or cohabitation for more than one year.  They also stipulated that each would retain the tangible personal property in his or her possession.  Both parties presented evidence and ore tenus testimony concerning custody and visitation of their child, child support, equitable distribution of their property, and attorney's fees.

I.

"[U]pon decreeing a divorce, . . . the [trial judge] may make such further decree as [the judge] shall deem expedient concerning the custody or visitation and support of the minor children of the parties."  Code § 20-107.2.  "The authority granted the trial [judge] by Code § 20-107.2 to determine custody and require support of infant children in a divorce action is a matter of judicial discretion to be exercised with the child's welfare as the paramount consideration."  D'Auria v. D'Auria, 1 Va. App. 455, 461, 340 S.E.2d 164, 168 (1986).  Furthermore, our review of custody decisions is controlled by the following well established principles:

> The trial [judge's] decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.  It is appropriate that this be the rule governing our review of appeals because the trial judge was in a position to see and hear the witnesses, and to closely examine the evidence.  As such, his findings are entitled to an appropriate degree of respect.

-

<u>Simmons v. Simmons</u>, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

Under equally well established principles, we review the evidence in the light most favorable to the party who prevailed below, in this case the wife. The <u>ore</u> <u>tenus</u> testimony concerning custody and the other issues raised at trial is summarized in a statement of facts. <u>See</u> Rule 5A:8. Our review of the statement of facts discloses that the issues that the husband raises on appeal were disputed by the parties. Indeed, the summary of the wife's testimony establishes that she contradicted the husband on most material issues.

In making his custody determination, the trial judge ruled "after hearing evidence <u>ore</u> <u>tenus</u>, and after consideration of all of the factors set forth in [Code] § 20-124.3." Upon our review of the summary of the testimony, we cannot conclude that the wife's testimony was incredible or did not plainly support the judge's ruling. <u>See</u> <u>Douglas v. Hammett</u>, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998) (noting that when the trial judge determines the credibility of witnesses who testify <u>ore</u> <u>tenus</u>, we give that ruling great weight).

In reviewing the record, we find apt the following ruling in <u>Ford v. Ford</u>, 14 Va. App. 551, 419 S.E.2d 415 (1992):

> Following extensive and detailed
> testimony by the various witnesses, the
> trial [judge] was in effect asked to
> evaluate the moral climate of the home [in]
> which [the child lived]. Especially in

-

> light of the strict standard that governs
> this Court's review of the trial [judge's]
> final determinations, we do not find that
> the trial [judge] abused [his] discretion
> when [he] awarded the parties joint custody.

Id. at 555, 419 S.E.2d at 418.  This record in this case, likewise, fails to show an abuse of discretion.

## II.

The husband contends the trial judge also erred (1) "in [his] determination of the visitation schedule," (2) "in not considering the work related child care costs and expenses incurred by the [husband]," and (3) "in not granting a statutory deviation from the Child Support Guidelines for the costs and expenses for transportation to be incurred by the [husband]." The record does not reflect that the husband objected to any of the trial judge's rulings concerning visitation or child support.  In accord with Rule 5A:18, "[w]e will not consider for the first time on appeal an issue that was not preserved in the trial court."  Martin v. Martin, 27 Va. App. 745, 752, 501 S.E.2d 450, 453 (1998).

## III.

Based upon findings regarding the parties' property and their debts and upon "consideration of all the factors set forth in [Code] § 20-107.3," the trial judge decreed as to the parties' property.

The record contains evidence that the husband's income and earning capacity were greater than the wife's.  The husband also

-

had a larger share of assets. We find nothing in the record to support the husband's claim that the trial judge "erred in . . . the allocation of [the parties'] marital debt.'"

The statute does not contain a presumption of equal distribution of assets or debts. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). When, as in this case, the trial judge considers the statutory factors in making the determinations of equitable distribution, we will not reverse those decisions absent a showing of an abuse of discretion. See Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990).

## IV.

"An award of attorney's fees is a matter submitted to the trial court's discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). This was a case in which issues of custody, visitation, child support, spousal support, and equitable distribution were contested at trial. We find no basis to conclude that the trial judge abused his discretion in awarding to the wife her attorney's fees.

## V.

Upon the wife's motion and because the husband raised a substantial number of meritless issues, we hold the wife is entitled to attorney's fees for this appeal. Accordingly, we

-

remand this case to the trial judge solely to award a reasonable attorney's fee in favor of the wife for this appeal.

For these reasons, we affirm the decree and remand for the limited purpose of awarding attorney's fees.

<u>Affirmed and remanded</u>.