Present: All the Justices

DANIEL C. SCHUMAN

v.  Record No. 100967

OPINION BY
JUSTICE CLEO E. POWELL
November 4, 2011

MARY C. SCHUMAN

FROM THE COURT OF APPEALS OF VIRGINIA

Daniel C. Schuman ("Daniel") appeals the judgment of the Court of Appeals holding that various stock options and awards granted to Mary C. Schuman ("Mary") during the marriage were her separate property because the vesting dates fell after the date of separation.[1]  Finding that the Court of Appeals gave undue weight to the vesting dates, we reverse.

BACKGROUND

Daniel and Mary were married on June 26, 2004.  Shortly thereafter, Mary secured employment as a vice president of Science Applications International Corporation ("SAIC").  In addition to her salary, Mary received compensation in the form of vesting stock[2] (also referred to as "restricted stock"), stock

_____

[1] Daniel also assigned error to the Court of Appeals' judgments relating to the parties' pre-nuptial agreement and the equitable distribution of certain real property.  Having determined that neither assignment of error involves "a substantial constitutional question as a determinative issue or matters of significant precedential value," as required under Code § 17.1-410(B), we dismiss them as improvidently granted.

[2] According to Mary, the "vesting stock" was a grant of actual stock subject to a vesting schedule.  As the stock vested, it automatically became part of Mary's "equity holdings" in SAIC (minus a portion of the award that was withheld to pay taxes on the award).  Unlike stock options, there is no need to

options, and a Special Recognition Stock Award ("CEO award")[3] (collectively referred to as the "stock awards").

On August 24, 2007, the parties separated. Mary subsequently filed a complaint for divorce on August 27, 2007. In December of 2008 and January of 2009, the trial court conducted an equitable distribution hearing. In a letter opinion dated February 17, 2009, the trial court distributed the parties' real property according to a pre-nuptial agreement; the remainder of the parties' property was distributed in accordance with Code § 20-107.3. With regard to Mary's stock awards, the trial court determined that, because Mary exercised some of the options with separate funds, the entirety of the stock awards were her separate property.

Both parties appealed various aspects of the trial court's rulings to the Court of Appeals. One of the matters Daniel appealed was the trial court's judgment with regard to Mary's stock awards. In an unpublished opinion, the Court of Appeals affirmed the judgment of the trial court finding that the stock awards were Mary's separate property. Schuman v. Schuman, Record Nos. 0631-09-4, 1259-09-4 and 1260-09-4 (April 20, 2010). However, the Court of Appeals' rationale differed from that of

exercise vesting stock options, as vesting stock does not have a strike price.

[3] According to the terms of the CEO award, Mary received a deferred grant of SAIC class A preferred stock valued at $25,000 on March 29, 2007, that would vest four years later.

the trial court in that the Court of Appeals held that the stock awards were not marital property because they did not vest during the marriage.[4]

Daniel appeals.

## ANALYSIS

Daniel assigns error to the Court of Appeals' determination that the stock awards were not marital property because they did not vest until after the parties' separation and divorce. Daniel argues that the stock awards were awarded to Mary during the marriage and therefore they were improperly classified as Mary's separate property. We agree with Daniel that the stock awards were improperly classified as Mary's separate property.

Code § 20-107.3(A)(2) provides in pertinent part:

> All property including that portion of pensions, profit-sharing or <u>deferred compensation</u> or retirement plans of whatever nature, acquired by either spouse during the marriage, and before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, is presumed to be marital property in the absence of satisfactory evidence that it is separate property.

(Emphasis added.)

---

[4] The Court of Appeals also held that Daniel's argument with regard to the 600 stock options that were exercised during the marriage was waived under Rule 5A:21. However, Daniel has not assigned error to this holding. Accordingly, that holding is binding on appeal and we consider only Daniel's argument with regard to the remaining stock awards. <u>See</u> Rule 5:17(c)(1).

"Deferred compensation" is defined as "[p]ayment for work performed, to be paid in the future or when some future event occurs." Black's Law Dictionary 322 (9th ed. 2009). Here, the stock awards were payment for work already performed as well as the work Mary performed until the date of vesting. Thus, clearly the stock awards at issue in this case are a form of deferred compensation.

Having determined that the stock awards are deferred compensation, we turn to the Court of Appeals' decision to classify them as Mary's separate property. In its holding, the Court of Appeals relied upon its previous rulings in Shiembob v. Shiembob, 55 Va. App. 234, 685 S.E.2d 192 (2009); Ranney v. Ranney, 45 Va. App. 17, 608 S.E.2d 485 (2005); and Cirrito v. Cirrito, 44 Va. App. 287, 605 S.E.2d 268 (2004). Both Ranney and Cirrito involved forms of deferred compensation that were awarded before the marriage but vested during the marriage. In those cases, the Court of Appeals ruled that the deferred compensation at issue was marital property because it was "earned" or "acquired" during the marriage. Although never expressly stated, it appears that the Court of Appeals relied on the date the deferred compensation vested as the dispositive factor in determining the classification of the property. Ranney, 45 Va. App. at 33, 608 S.E.2d at 493 (holding that the deferred compensation was marital property "[b]ecause the

4

condition necessary for the vesting of husband's right to exercise the stock options (i.e., his continued employment) was not fulfilled until after the parties' marriage, husband 'earned' the right to exercise the stock options 'during the marriage.' "); Cirrito, 44 Va. App. at 294, 605 S.E.2d at 270 (holding that the deferred compensation was marital property because "the right to receive the money was acquired during the marriage."). Thus, the Court of Appeals implicitly equated earning or acquiring deferred compensation with the date of vesting.[5]

Code § 20-107.3(G)(1) specifically states that deferred compensation may be allocated "whether vested or nonvested":

> The court may direct payment of a percentage of the marital share[6] of any pension, profit-sharing or deferred compensation plan or retirement benefits,

_____

[5] Although the Court of Appeals expressly relies upon the date of vesting in Shiembob, we note that the facts in that case differ significantly from Ranney and Cirrito. In Shiembob, the Court of Appeals held that some of the restricted stock at issue was the husband's separate property because "his right to [those] shares did not vest until after the parties' separation." 55 Va. App. at 242, 685 S.E.2d at 196 (emphasis in original). It is important to note, however, that the husband earned the shares in yearly increments and did not begin to earn the shares at issue until _after_ the date of separation. Id. at 241, 685 S.E.2d at 196. Thus, the holding in Shiembob is limited to the facts of that case.

[6] The Code defines marital share as "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties . . . ." Code § 20-107.3(G)(1) (emphasis added); see also Code § 20-107.3(A)(2) (referring to "that portion of . . . deferred compensation . . . acquired by either spouse during the marriage").

> whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time.

(Emphasis added.) The inclusion of the phrase "whether vested or nonvested" clearly indicates that the date of vesting is not, by itself, dispositive of whether the deferred compensation is marital or separate property. Indeed, at least one commentator has recognized that "stock options, like retirement benefits, are acquired when they are earned, and not at the time of receipt, vesting or exercise." 2 Brett R. Turner, Equitable Distribution of Property 292 (3rd ed. 2005).

The proper treatment of deferred compensation for marital share purposes was identified by the Court of Appeals in Dietz v. Dietz, 17 Va. App. 203, 436 S.E.2d 463 (1993). In Dietz, the Court of Appeals recognized that

> By adding deferred compensation plans to those assets identified in Code § 20-107.3(G), the legislature expressed its intention to treat uniformly all plans of compensation, whether payable upon retirement or not, if payment is deferred to the future but earned during the marriage. Consequently, a "deferred compensation plan" may now be treated as a pension or retirement benefit.

Id. at 214, 436 S.E.2d at 470; see also Robinette v. Robinette, 10 Va. App. 480, 485, 393 S.E.2d 629, 632 (1990) (describing pensions as "deferred compensation for services rendered.").

As the Court of Appeals correctly states, the legislature clearly intended for the delineated plans of compensation to be

6

treated uniformly.  Therefore, it is axiomatic that the marital share of deferred compensation should be calculated in the same manner as the marital share of pensions or other retirement benefits.  See, e.g., Mann v. Mann, 22 Va. App. 459, 464-65, 470 S.E.2d 605, 607-08 (1996) (establishing a method for determining the marital portion of pensions which include pre- and post-marital contributions).[7]  Accordingly, the Court of Appeals erred in its classification of the stock awards based solely on the date of vesting.

                              CONCLUSION

     For the foregoing reasons, we will reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals with direction to remand the case to the trial court for further proceedings in accordance with this opinion.

Dismissed in part,
reversed in part,
and remanded.

---

[7] When multiple distinct awards are involved, as in the present case, the marital portion of each award should be calculated individually rather than as one single award.  See 2 Turner, supra, at 297.

7