COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present: Judges Petty, Beales and AtLee
Argued at Richmond, Virginia


DIANE K. GASPA

MEMORANDUM OPINION* BY
v.      Record No. 1019-17-2      JUDGE RICHARD Y. ATLEE, JR.
MARCH 13, 2018

THOMAS P. GASPA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Jason P. Seiden (Michie Hamlett Lowry Rasmussen & Tweel
PLLC, on briefs), for appellant.

Lair D. Haugh (Haugh & Haugh, P.C., on brief), for appellee.


Diane Gaspa ("wife"[1]) appeals an equitable distribution award from the Circuit Court of

Albemarle County. She argues that the circuit court committed reversible error when it

considered "inadmissible hearsay evidence" of the value of her retirement accounts and awarded

Thomas Gaspa ("husband") a portion of those accounts. We affirm.

I. BACKGROUND

"On appeal, we view the evidence in the light most favorable to husband, the prevailing

party below, and grant him 'all reasonable inferences fairly deducible therefrom.'" Bajgain v.

Bajgain, 64 Va. App. 439, 443, 769 S.E.2d 267, 269 (2015) (quoting Anderson v. Anderson, 29

Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). At an evidentiary hearing related to the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We use the designations "wife" and "husband" for clarity, recognizing that such terms
actually describe the parties' former, rather than current, legal relationship.

equitable distribution of the parties' assets, the circuit court was called upon to value wife's

retirement accounts. The alleged error concerns the following portion of the trial transcript:

| | |
|---|---|
| [Husband's Attorney:] | And you are still employed by the University of Virginia; is that correct? |
| [Wife:] | Yes. |
| [Husband's Attorney:] | And the entire time you've been employed since you returned to Charlottesville at the University of Virginia you've been married; is that correct? |
| [Wife:] | Yes. |
| [Husband's Attorney:] | And you have various retirement accounts through the University of Virginia, do you not? |
| [Wife:] | Yes. |
| [Husband's Attorney:] | You have previously produced this retirement plan breakdown dated October 1st, 2015? |
| [Wife:] | Yes. |
| [Husband's Attorney:] | I'd move this into evidence. |
| [Wife's Attorney]: | Object to hearsay. |
| | . . . . |
| THE COURT: | [Counsel], then how else would these documents be admitted? She admitted it is her retirement account; correct? |
| [Wife's Attorney]: | Yes, ma'am. |
| THE COURT: | So what is the basis for the hearsay? |
| [Wife's Attorney]: | Just because they're your statements doesn't make them admissible, Your Honor, with all due respect. I could |

|                        | present my bank records, credit cards. Just because they're sent to me doesn't get around the hearsay objection. |
|------------------------|---|
| THE COURT:             | So I'm going to overrule the hearsay objection. I agree, except that these are documents in her name as opposed to somebody else's documents. So I find there is a different basis for her to verify the accuracy. So the [c]ourt is going to admit them as Defense Exhibit No. 2. |

([Husband]'s Exhibit No. 2 received into evidence.)

| [Wife's Attorney]:     | Yes, ma'am. |
|------------------------|---|
| THE COURT:             | And your exception is noted, [Counsel]. |
| [Wife's Attorney]:     | I may have some rebuttal on just this issue because it's now applicable because I wasn't expecting you to overrule the objection. |
| THE COURT:             | I completely agree. |
| [Husband's Attorney:]  | These documents actually show that they are three different types of product that are involved in your retirement account; is that correct? |
| [Wife:]                | Yes. |
| [Husband's Attorney:]  | This would be the earning up to October—[o]r it's the statement dated October 1st, 2015? |
| [Wife:]                | Yes. |
| [Husband's Attorney:]  | And you all separated in November of 2015? |
| [Wife:]                | Yes. |

The circuit court used Exhibit 2 to value wife's retirement accounts, and awarded husband a portion of those accounts. On appeal, wife claims that "[h]aving no admissible evidence of value, the [circuit] court could not distribute the asset[s]."

## II. ANALYSIS

We review the circuit court's decision for abuse of discretion. Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990) (equitable distribution awards reviewed for abuse of discretion); Davis v. Commonwealth, 65 Va. App. 485, 499, 778 S.E.2d 557, 564 (2015) (decisions concerning the admissibility of evidence are reviewed for abuse of discretion). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Commonwealth v. Swann, 290 Va. 194, 197, 776 S.E.2d 265, 268 (2015) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)). Furthermore, "[a] party relying upon an exception to the hearsay rule for the admissibility of evidence bears the burden of persuading the court that the evidence falls within the exception" and "the standard of proof to meet that burden is by a preponderance of the evidence." Lynch v. Commonwealth, 272 Va. 204, 207-08, 630 S.E.2d 482, 484 (2006). Finally,

> Factual questions must usually be resolved to determine whether the proponent of the evidence has carried that burden, and those antecedent or predicate facts are to be determined by the trial court alone. If the court admits the evidence, the credibility of the witnesses and the weight of the evidence are to be determined by the jury.

Id. at 208, 630 S.E.2d at 484. Although the circuit court never used the phrase "adoptive admission," the words the circuit court used show that it was the basis upon which the exhibit was admitted. We hold that the circuit court did not abuse its discretion in admitting the exhibit on that basis.

The Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

- 4 -

matter asserted." Va. R. Evid. 2:801(c). A "statement" can be "an oral or written assertion." Va. R. Evid. 2:801(a). Rule 2:802 states the general rule governing the use of hearsay: "Hearsay is not admissible except as provided by these Rules, other Rules of the Supreme Court of Virginia, or by Virginia statutes or case law."

Rule 2:803(0)(B) sets out the concept of "adoptive admissions," and states, in relevant part, that the hearsay rule does not exclude a "statement offered against a party that is . . . a statement of which the party has manifested adoption or belief in its truth."

> It is well settled that statements made in the presence and hearing of another, to which he does not reply, are admissible against him as tacit admissions of their truth or accuracy, when such statements are made under circumstances naturally calling for reply if their truth is not intended to be admitted. This principle rests upon that universal rule of human conduct which prompts one to repel an unfounded imputation or claim.

Tillman v. Commonwealth, 185 Va. 46, 56, 37 S.E.2d 768, 773 (1946). "The test for an adoptive admission 'is whether [persons] similarly situated would have felt themselves called upon to deny the statements affecting them in the event they did not intend to express acquiescence by their failure to do so.'" Weinbender v. Commonwealth, 12 Va. App. 323, 325, 398 S.E.2d 106, 107 (1990) (alteration in original) (quoting Owens v. Commonwealth, 186 Va. 689, 699, 43 S.E.2d 895, 899 (1947)); see also Wooten v. Bank of Am., N.A., 290 Va. 306, 311 n.5, 777 S.E.2d 848, 851 n.5 (2015) ("[A] duty to speak arises . . . in some situations[] to avoid the conclusion that a party has made an adoptive admission, see Rule 2:803(0)(B)."); Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 15-36[b], at 1097 (7th ed. 2012) ("A declaration in the presence of a party to a cause becomes evidence, as showing that the party, on hearing such a statement, did not deny its truth; for, if he is silent when he ought to have denied, there is a presumption of his acquiescence." (quoting Sanders v. Newsome, 179 Va. 582, 592, 19 S.E.2d 883, 887 (1942))).

In Lynch, the Supreme Court observed that, although "[m]ost of the adoptive admissions that we have considered have been characterized as tacit admissions, or admissions by silence," one "may manifest adoption of a statement made by another in any number of ways, including words, conduct, or silence." 272 Va. at 209, 630 S.E.2d at 484-85. "In some cases, the defendant's words or conduct may supply most, if not all, of the predicate facts that the Commonwealth must prove to bring the evidence within the adoptive admission exception." Id. at 209, 630 S.E.2d at 485.

Here, wife's responses to the questions from husband's attorney, taken in the light most favorable to husband, "manifested . . . [her] belief in . . . [the] truth" of the exhibit. Va. R. Evid. 2:803(0)(B). Wife agreed she had UVA retirement accounts, responding "Yes" when husband's attorney asked whether she had "various retirement accounts through the University of Virginia." Wife also agreed that she produced in her discovery responses the document summarizing these retirement accounts. Finally, she agreed that the statement summarizing the retirement accounts, which husband's attorney showed to wife as she was testifying, was dated October 1, 2015—just before the parties' separation. All of these answers by wife support the conclusion that the exhibit constituted an adoptive admission.

"[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." Lawlor v. Commonwealth, 285 Va. 187, 212, 738 S.E.2d 847, 861 (2013) (quoting Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008)). With this deference in mind, we cannot find that the circuit court abused its discretion here.

## III. CONCLUSION

Because the circuit court did not abuse its discretion when it admitted Exhibit 2 into evidence, we affirm its decision.

<u>Affirmed.</u>